## 20548

The STATE, Respondent, v. Robert GREEN, Appellant.

(239 S. E. (2d) 485)

*John W. Foard, Jr.*, of Columbia, *for Appellant,*

*Brian P. Gibbes and Edward B. Latimer, Asst. Attys. Gen.,* of Columbia, *for Respondent.*

November 28, 1977.

RHODES, Justice:

This is a consolidated appeal from two separate convictions—one for possession of marijuana with intent to distribute and the other for escape. The appellant challenges his first conviction on the ground that marijuana obtained from his residence was improperly admitted into evidence since it was seized under a defective search warrant. He challenges the second on the ground that his constitutional rights were violated because he was tried in his absence without adequate notice of the charges against him. We affirm the first conviction and reverse the second.

Robert Green, the appellant, was first tried and convicted in the Court of General Sessions for Richland County for possession of marijuana with intent to distribute. After being sentenced to four years and led from the courtroom, Green bolted while in the hallway of the Richland County Courthouse. He was taken into custody just outside the Courthouse a few minutes later. He was indicted on charges of escape and resisting arrest approximately one month after the above-described incident occurred.

While Green was out on appeal bond in connection with his first conviction, trial on the latter two charges was commenced in his absence on December 15, 1976. Although it appears from the record that Green may have possibly received notice of the charges and the court term in which he was to be tried through his attorney, the parties agree, and

have so stipulated, that no arrest warrant had ever been served on appellant, no legal or lawful authority had ever advised the defendant that he was going to be charged or that he had been charged with escape and resisting arrest. Although the appellant was out on an appeal bond in his first case, he had never been arraigned for the purpose of setting a bond in the second case. Due to the questions raised by Green's absence, trial was continued to the next day. During the continuance, the Richland County Sheriff's office attempted to serve the indictment upon Green but was unable to locate him and he was tried in his absence on December 16th. The charge of resisting arrest was removed from jury consideration by the trial judge and appellant was found guilty of escape. He received a consecutive sentence of six months.

In the appeal from his first conviction, the appellant, to support his contention that the search warrant was defective, alleges the following: (1) the search warrant was issued without probable cause because it was too indefinite and vague; (2) the search warrant was issued without probable cause because the information set out in the affidavit was insufficient to allow a judicial officer to conclude the informant was credible and that his information was reliable; (3) the search warrant and affidavit were made out in advance and "rubber stamped" by the magistrate without an independent evaluation of probable cause by the magistrate; (4) the police officer obtaining the warrant was not placed under oath when the warrant was issued; and (5) a return of the warrant was not made within ten days as required by statute.[1]

Exceptions (3), (4), and (5) appear to have been raised for the first time on appeal; additionally, there is no support in the record for any of these contentions. Exceptions (1) and (2) are without merit. Although

---

1. The appellant's brief and exceptions are vague and ill-defined. This list constitutes the substance of appellant's exceptions as best we have been able to glean from the briefs and transcript.

the search warrant and affidavit were not included as a part of the record, it is readily apparent from the portions read into the record by appellant's trial counsel [2] that the warrant and affidavit were legally sufficient.

Since there would be no precedential value in a full discussion of the issues raised and since we find no errors of law, we affirm appellant's conviction for possession of marijuana with intent to distribute under Rule 23 of our Rules of Practice.

Although the trial judge at Green's second trial found that he had constructive notice that his case had been docketed for trial, the conviction for escape must be reversed.

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusations [and] to be confronted with the witnesses against him." Not only are these guarantees applicable to state prosecutions under the Fourteenth Amendment, *Pointer v. Texas,* 380 U. S. 400, 85 S. Ct. 1065, 13 L. Ed. (2d) 923 (1967), they are specifically mandated by our state constitution, S. C. Const. Art. I, § 14. Moreover, these rights are personal to the accused. "It is the accused, *not counsel,* who must be 'informed of the nature and cause of the accusation', who must be 'confronted with the witnesses against him.' " *Faretta v. California,* 422 U. S. 806, 820, 95 S. Ct. 2525, 2533, 45 L. Ed. (2d) 562 (1975) (emphasis ours).

The accused was not served with an arrest warrant or indictment, was not arraigned on the charge for which he was convicted, nor was he ever advised by any official or lawful authority of the charges against him. The only notice he could have possibly received was through his attorney, which was clearly inadequate.

2. The appellant is represented by different counsel on appeal.

The right to be present at trial, like many other constitutional rights can be waived if done "voluntarily" and "knowingly". *U. S. v. Tortora,* 464 F. (2d) 1202 (2nd Cir. 1972), cert. den. *Santoro v. U. S.,* 409 U. S. 1063, 93 S. Ct. 554, 34 L. Ed. (2d) 516. However, a valid waiver presupposes notice to the accused. Without notice of the charges, the accused cannot be deemed to have made a "knowing" and "voluntary" election to be absent. The appellant's conviction for escape is, therefore, reversed.

Affirmed As To First Trial;

Reversed As To Second Trial.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.