22693

The STATE, Respondent v. Roger Dale PRESSLEY, Appellant.

(354 S. E. (2d) 777)

Supreme Court

*Asst. Appellate Defender Tara D. Shurling, Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.* and *Amie L. Clifford,* Columbia, and *Sol. John R. Justice,* Chester, *for respondent.*

Heard March 9, 1987.

Decided April 6, 1987.

HARWELL, Justice:

Appellant was charged with criminal sexual conduct in the first degree and convicted of criminal sexual conduct in the second degree. He argues that the trial judge erred in refusing to charge the jury on the offense of assault and battery of a high and aggravated nature (ABHAN). We agree.

The victim, appellant's 14 year old daughter, testified that she was lying in bed watching television with appellant when he suddenly jumped on her, put his hands around her

throat, and straddled her. As she struggled to escape, appellant tore off her underclothes. Appellant pulled her back on the bed and threatened to kill her. The victim called appellant an S.O.B. and appellant slapped her. Appellant then raped her.

Appellant testified that he and the victim were lying in bed watching television when they began to argue about her skipping school and seeing her boyfriend against appellant's wishes. When appellant mentioned sending her to Georgia again, the victim became upset and called him an S.O.B. Appellant slapped her, and she attempted to slide out of bed. Appellant grabbed the victim around the neck and shook her. She broke loose, and appellant reached to grab her, tearing off her underclothes.

The trial judge charged the jury on first and second degree criminal sexual conduct. Appellant requested a charge on assault and battery of a high and aggravated nature. The trial judge refused appellant's requested charge. Appellant contends that this was error.

A trial judge is required to charge the jury on a lesser-included offense if there is evidence from which the jury could infer that a defendant committed the lesser offense rather than the greater. *State v. Gandy*, 283 S. C. 571, 324 S. E. (2d) 65 (1984); *State v. Tyson*, 283 S. C. 375, 323 S. E. (2d) 770 (1984). This Court has held that ABHAN is a lesser-included offense of criminal sexual conduct in the first degree. *State v. Mathis*, 287 S. C. 589, 340 S. E. (2d) 538 (1986); *State v. Drafts*, 288 S. C. 30, 340 S. E. (2d) 784 (1986); *State v. Lambright*, 279 S. C. 535, 309 S. E. (2d) 7 (1983). Appellant's testimony, if believed, would establish that appellant was guilty only of the lesser-included offense of ABHAN. Therefore, the trial judge should have charged the jury on ABHAN.

In light of the above disposition, it is not necessary for us to reach appellant's remaining exceptions.

Reversed and remanded.

NESS, C. J., GREGORY, FINNEY, JJ., and BRUCE LITTLEJOHN, Acting J., concur.