606 S.E.2d 761

**Raymond MAGAZINE, Respondent,**

v.

**STATE of South Carolina, Petitioner.**

No. 25908.

Supreme Court of South Carolina.

Submitted Sept. 23, 2004.

Decided Dec. 6, 2004.

612

Attorney General Henry D. McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Elizabeth R. McMahon, all of Columbia, for Petitioner.

Assistant Appellate Defender Robert M. Pachak, of S.C. Office of Appellate Defense, of Columbia, for Respondent.

Chief Justice TOAL:

Respondent Raymond Magazine was arrested for criminal sexual conduct in the first degree (CSC). He was indicted on charges of kidnapping, attempted murder, assault and battery with intent to kill, CSC, and possession of a weapon. The post-conviction relief (PCR) judge granted a new trial after finding that Respondent was not personally served with a copy of the indictment and that counsel was ineffective for (1) failing to intelligently evaluate each juror during jury selection and (2) failing to request a charge on assault and battery of a high and aggravated nature (ABHAN) as a lesser-included offense of CSC. After granting State's petition for certiorari, we reverse.

## FACTUAL/PROCEDURAL BACKGROUND

Late one night, the victim was walking along Highway 15 in Sumter after a fight with her boyfriend. She and her boyfriend were on their way to Lee County; he pulled the car over; she got out; and after she refused to get back into the car, he drove away. The victim testified that Respondent appeared shortly thereafter, pulled her into a ditch, beat her up, put a knife to her throat, and raped her. The victim also testified that Respondent forced her to walk with him into the woods and later to an area behind a motel. Along the way and behind the motel, he raped her at least two more times and forced her to perform oral sex. The victim was eventually released and called 911 from the motel.

At a bond hearing before trial, Respondent said that he did not know the victim and that he was out of town on the day of the alleged crime. At trial, Respondent did not testify but maintained that he was innocent.

The first trial resulted in a hung jury. In the second trial, Respondent was found guilty of kidnapping, CSC, and ABHAN. He was sentenced to thirty years for CSC and ten years for ABHAN, to be served consecutively. He was also sentenced to thirty years for kidnapping, to be served concurrently. The same defense counsel represented Respondent in both trials.

Respondent appealed and his appeal was dismissed. Respondent then applied for PCR on eleven grounds. After a hearing, the PCR judge found that three of the grounds had merit and granted a new trial. This Court granted certiorari to review the PCR judge's decision.

The State raises the following issues for review:

I. Did the PCR court err in ruling that Respondent did not receive proper notice of the charges against him? [1]

II. Did the PCR court err in ruling counsel was ineffective for failing to use eight peremptory jury strikes?

---

1. In its brief, the State frames this issue as one concerning arraignment. But the PCR judge explicitly acknowledged that arraignment was not a statutory right. Instead, the judge granted relief on the basis that Respondent was not notified of the charges against him; therefore, we have framed the issue accordingly.

III. Did the PCR court err in ruling that trial counsel was ineffective for failing to request a jury charge for ABHAN, a lesser-included offense of CSC?

## LAW/ANALYSIS

### STANDARD OF REVIEW

 This Court gives great deference to the PCR courts findings of fact and conclusions of law. *Caprood v. State*, 338 S.C. 103, 109, 525 S.E.2d 514, 517 (2000). On review, a PCR judge's findings will be upheld if there is any evidence of probative value to support them. *Cherry v. State*, 300 S.C. 115, 119, 386 S.E.2d 624, 626 (1989). If no probative evidence exists to support the findings, this Court will reverse. *Pierce v. State*, 338 S.C. 139, 144, 526 S.E.2d 222, 225 (2000).

 To establish a claim that counsel was ineffective, a PCR applicant must show that (1) counsels representation fell below an objective standard of reasonableness, and (2) but for counsels errors, there is a reasonable probability that the outcome of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Johnson v. State*, 325 S.C. 182, 186, 480 S.E.2d 733, 735 (1997). "A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the trial. *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052.

### I. INDICTMENT

 The State argues that the PCR court erred in ruling that Respondent did not receive proper notice of the charges against him. We agree.

 In a criminal case, the defendant has the right "to be fully informed of the nature and cause of the accusation" against him. S.C. Const. art. I, § 14. The right to be fully informed is a personal right, and therefore the defendant himself, not just his attorney, must be fully informed of the charges against him. *State v. Green*, 269 S.C. 657, 661, 239 S.E.2d 485, 487 (1977) (citation omitted). In *Green*, the defendant was not served with an arrest warrant or indictment, was not arraigned, and was never informed of the charges against

him. *Id.* If he received any notice at all, it was from his attorney. *Id.* The Court held that notice from the attorney was inadequate, and therefore the defendant's constitutional rights were violated. *Id.*

In the present case, Respondent was initially arrested for CSC. He was subsequently indicted on four additional charges. Respondent did not receive a copy of the indictment listing all of the charges until after the first trial.

At the PCR hearing, Respondent testified that before the first trial began, he knew only of the CSC charge and not the other four. He admitted that later, once the trial began, the trial judge read aloud all five charges. He also admitted that he knew he was facing serious charges and substantial jail time. Moreover, counsel told Respondent about the charges and about the possibility that Respondent may be imprisoned for life. At trial, counsel did not challenge the indictment issue.

The PCR judge found that Respondent received notice of the CSC charge but not the other four charges. The judge explained that Respondent should have been "personally served with the warrants or indictment." Accordingly, the PCR judge reversed all convictions except the conviction for CSC.

Unlike the defendant in *Green*, Respondent was personally informed of the charges against him. At the beginning of the first trial, the judge read aloud all five charges in the indictment. The trial ended in a mistrial. At the beginning of second trial, the charges were read aloud once again. Consequently, Respondent was notified, on at least two occasions, of the charges against him.

Therefore, the PCR court erred in ruling that Respondent was not notified of the charges against him.

## II. JURY SELECTION

The State argues that the PCR court erred in ruling that trial counsel's failure to use all available peremptory strikes during jury selection prejudiced Respondent's case. We agree.

 When the PCR court is reviewing a counsel's performance, there is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690, 104 S.Ct. 2052. Consequently, courts apply a "highly deferential" standard of review. *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052. Counsel may avoid a finding of ineffectiveness if he articulates a valid reason for using a certain strategy. *Ingle v. State*, 348 S.C. 467, 470, 560 S.E.2d 401, 402 (2002). Counsel's strategy will be reviewed under "an objective standard of reasonableness." *Id.*

South Carolina courts have not directly addressed the issue of whether a failure to use all available peremptory strikes gives rise to a finding that counsel was ineffective. Our courts have found, however, that the process of jury selection inherently falls within the expertise and experience of trial counsel. *Palacio v. State*, 333 S.C. 506, 517, 511 S.E.2d 62, 68 (1999). In *Palacio*, this Court reviewed a finding that counsel was ineffective for failing to use a peremptory strike as her client instructed. *Id.* at 516, 511 S.E.2d at 67–68. In holding that counsel was ineffective, the PCR court found that jury selection was a *defendant's* right and not trial strategy. This Court reversed the PCR court, finding that jury selection is within the ambit of trial strategy. *Id.* at 517, 511 S.E.2d at 68; *see also Wilcher v. State*, 863 So.2d 719, 754–55 (Miss.2003) (holding that counsel was not ineffective for failing to use all of the available peremptory challenges). In addition, the Court noted that "a criminal defendant has no right to a trial by any particular jury, but only a right to a trial by a competent and impartial jury." *Id.* at 516, 511 S.E.2d at 68. Finding no evidence that defendant's right to a trial by a competent and impartial jury was violated, the Court reversed. *Id.*

In the present case, counsel initially used seven of his ten available peremptory strikes. The State made a *Batson*[2] motion, and the trial judge ruled that counsel did not have racially neutral reasons for striking certain jurors. The jury was re-drawn, and during the second round of jury selection, counsel used only two peremptory strikes.

---

2. *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

At the PCR hearing, counsel testified that he did not use all available strikes because he had "just gotten shot down on the first jury selection" and he felt "like [he] was boxed in." He also testified that after the *Batson* motion was granted, he abandoned his initial trial strategy to select "black female[s]."[3] Counsel admitted that his focus was on the racial composition of the jury. The jury ultimately consisted of nine white and three black jurors.

The PCR judge found that counsel "did not intelligently evaluate each juror and did not have a plan or theory in striking the jury." Moreover, the judge found that counsel's use of only two of his ten available strikes supported the conclusion that counsel was ineffective. The judge did not, however, explain how the outcome in Respondent's trial would have been different if Respondent had used all available strikes. Instead, the judge merely said that he was concerned that the racial composition of the jury was significantly different than that of the first jury. The judge pointed out that jury selection was "very important," especially given the fact that the first trial ended in a mistrial.

The PCR judge correctly found that counsel failed to properly evaluate and select jury members. Counsel admitted that he gave up his initial strategy and ended up selecting jurors that he had struck the first time—jurors whose names he had written "No" next to. In other words, counsel did not even show that he had a trial strategy for jury selection. Nevertheless, Respondent did not present any evidence to support a finding that counsel's error resulted in a violation of Respondent's right to a trial by a competent and impartial jury.

Therefore, the PCR court erred in finding counsel ineffective for failing to use all available peremptory strikes.

### III. JURY CHARGE

 The State argues that the PCR judge erred in finding counsel ineffective for failing to request an ABHAN charge as a lesser-included offense of CSC. We agree.

 ABHAN is a lesser-included offense of CSC. *State v. Primus*, 349 S.C. 576, 582, 564 S.E.2d 103, 106 (2002). A

---

3. Respondent is black and the victim is white.

trial judge must charge the jury on a lesser-included offense if there is any evidence from which it could be inferred that the defendant committed the lesser rather than the greater offense. *Brightman v. State,* 336 S.C. 348, 350–51, 520 S.E.2d 614, 615 (1999). Evidence that a physical fight—instead of rape—occurred warrants a charge of ABHAN as a lesser-included offense of CSC. *State v. Pressley,* 292 S.C. 9, 10, 354 S.E.2d 777, 777–78 (1987). In *Pressley,* the victim, who was the defendant's fourteen-year-old daughter, testified that the defendant jumped on her, put his hands around her throat, straddled her, slapped her, and then raped her. *Id.* at 9–10, 354 S.E.2d at 777. The defendant, on the other hand, testified that he and his daughter argued, he slapped her, shook her, and when she tried to get away, he grabbed for her, tearing off her clothes. *Id.* The Court held that because the defendant's testimony, if believed, would establish that he was guilty of only the lesser-included offense, the trial judge should have charged the jury on ABHAN. *Id.* at 10, 354 S.E.2d at 778.

In the present case, the trial judge charged the jury with ABHAN as a lesser-included offense of assault and battery with intent to kill. The judge did not, however, charge the jury with ABHAN as a lesser-included offense of CSC in the first degree. Moreover, counsel did not request that the judge charge the jury with ABHAN as a lesser-included offense of CSC.

At the PCR hearing, counsel testified that he was not aware that, under certain circumstances, ABHAN was a lesser-included offense of CSC. He also testified that he could not remember whether he had researched, at that time, the elements of the various offenses with which his client was charged.

The PCR judge ruled that according to the facts and evidence, Respondent was entitled to the ABHAN charge. Moreover, the judge ruled that Respondent's case was prejudiced by counsel's failure to request the charge. Therefore, the PCR judge found that the conviction for CSC in the first degree should be reversed.

At the bond hearing, Respondent denied the charges and said he was out of town on the day of the alleged crime. At

trial, Respondent did not testify or present any witnesses to refute the victim's testimony or to suggest that something other than rape occurred. Moreover, Respondent's counsel did not present any evidence from which it could be inferred that Respondent committed ABHAN rather than CSC. Later, at the PCR hearing, Respondent testified that he was not with the victim on the night in question and that he did not rape the victim. In sum, the record did not contain any evidence warranting the lesser charge.

Therefore, the PCR court erred in finding counsel ineffective for failing to request an ABHAN charge as a lesser-included offense of CSC.

## CONCLUSION

Because there is no evidence of probative value sufficient to support the PCR court's ruling, we REVERSE.

MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.