649 S.E.2d 505

**The STATE, Respondent**

v.

**Danny WHITTEN, Appellant.**

**No. 4285.**

Court of Appeals of South Carolina.

Aug. 3, 2007.

Heard June 5, 2007.

Decided Aug. 3, 2007.

Rehearing Denied Nov. 16, 2007.

Deputy Chief Attorney for Capital Appeals Robert M. Dudek and Assistant Appellate Defender LaNelle C. Durant, both of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Shawn L. Reeves, all of Columbia; and Solicitor Barbara R. Morgan, of Aiken, for Respondent.

GOOLSBY, J.:

The question raised by appellant Danny Whitten is whether the trial court erred in refusing to charge assault and battery of a high and aggravated nature (ABHAN) as a lesser-included offense of assault with intent to commit criminal

sexual conduct (ACSC) in the third degree.[1] A jury found Whitten guilty of the latter offense and the trial judge sentenced him to a ten-year sentence of imprisonment. We affirm.

The victim, a woman seventy-six-years-old at the time of trial, allowed Whitten, her thirty-year-old nephew, to live with her in her trailer home. The victim testified that on November 25, 2004, while she was watching television late that night, Whitten came home drunk and dragged or carried her into his bedroom. Whitten allegedly placed her on his bed, pulled off her blue jeans, removed all of his clothes but his shirt, crawled on top of the victim, and attempted to penetrate the victim as she crossed her legs and held them tight. The victim continued to resist and told Whitten repeatedly, "let me go." The victim's grandnephew, who had arrived at the trailer to watch television with Whitten, overheard the remark when he came to Whitten's bedroom window after receiving no response when he knocked on the front door of the trailer. Whitten did not release the victim until her grandnephew walked into the home. When he entered the trailer, the grandnephew saw the victim in "the hallway with no pants on" and Whitten behind her "trying to put his on." Whitten denied anything "was going on"; however, his aunt, "kept saying," while crying, that Whitten had tried to rape her.

For his part, Whitten testified he bought five cans of malt liquor on his way home from work but, before going home, joined a friend to "drink some Bud Lights ... for a while"; Whitten's aunt joined him in drinking that evening upon his return home; Whitten and his aunt had had sex on two prior occasions; and she was willing to have sex again with him that night; Whitten and his aunt were about to have sex when they were surprised by her grandnephew's knock on the door;

---

1. A person is guilty of criminal sexual conduct in the third degree, South Carolina Code Annotated section 16–3–654(1)(a) (2003) provides, "if the actor engages in sexual battery with the victim and if ... [t]he actor uses force or coercion to accomplish the sexual battery in the absence of aggravating circumstances." Section 16–3–651(h) (2003) defines a sexual battery as including "sexual intercourse." Under section 16–3–656 (2003) an "[a]ssault with intent to commit criminal sexual conduct [as] described in [section 16–3–654(1)(a)] shall be punishable *as if the criminal sexual conduct was committed.*" (emphasis added).

Whitten became scared at the thought of others finding out about his sexual relationship with his aunt and briefly held her down; he "let go of" his aunt when "she started hollering"; and he denied to the police the accusation that he had raped his aunt.

Whitten asked for an instruction on ABHAN as a lesser-included offense of ACSC. Whitten's counsel explained her request this way: "I think if the jury ... believe[s] that Mr. Whitten did not assault [his aunt] with intent to commit criminal sexual conduct ... that it would be appropriate for a lesser-included charge of a high and aggravated nature." The trial judge denied the request, noting the evidence only supported a verdict of "guilty" or "not guilty." On appeal, Whitten argues the trial court erred in refusing to charge ABHAN.

 "ABHAN is a lesser[-]included offense of ACSC."[2] "ABHAN is the unlawful act of violent injury to another accompanied by circumstances of aggravation."[3] "Circumstances of aggravation include the use of a deadly weapon, the intent to commit a felony, infliction of serious bodily injury, great disparity in the ages or physical conditions of the parties, a difference in gender, the purposeful infliction of shame and disgrace, taking indecent liberties or familiarities with a female, and resistance to lawful authority."[4] "A trial judge must charge the jury on a lesser-included offense if there is any evidence from which it could be inferred that the defendant committed the lesser rather than the greater offense."[5]

Our review of the record does not reveal any evidence that would support a conviction for the lesser offense of ABHAN, at least during the time relevant to the allegations contained in the indictment. The only evidence that could possibly

---

2. *State v. Elliott*, 346 S.C. 603, 607, 552 S.E.2d 727, 729–30 (2001), *overruled on other grounds by State v. Gentry*, 363 S.C. 93, 610 S.E.2d 494 (2005).

3. *State v. Fennell*, 340 S.C. 266, 274, 531 S.E.2d 512, 516 (2000).

4. *Id.* at 274, 531 S.E.2d at 516–17.

5. *Magazine v. State*, 361 S.C. 610, 618–19, 606 S.E.2d 761, 765 (2004).

support an ABHAN instruction allegedly occurred *after* the sexual assault took place, that is, when Whitten heard the grandnephew come into the mobile home and Whitten held the victim to the bed.

The charge of third degree ACSC relates only to those acts committed by Whitten that *preceded* the grandnephew's coming into the mobile home, acts that Whitten claims were consensual in nature and the aunt claims were not. Significantly, the State did not charge Whitten with having committed ABHAN against his aunt *after* sexually assaulting her. Rather, the State focused entirely on the sexual assault that occurred *before* the other alleged assault took place. As such, the two events had no bearing upon one another and would thereby not entitle Whitten to an instruction on ABHAN as a lesser-included offense.

We do not overlook *State v. White,*[6] a case that neither the appellant nor the State cited in their respective briefs and a case this court later asked the parties to address. While the cases, admittedly, contain similar fact patterns, we are limited in this instance by appellate rules that allow us to consider only the precise question that was before the trial judge and that was ruled on by him or her. Here, Whitten's counsel never gave as a reason for the requested charge that Whitten's action in restraining his aunt after her grandnephew came upon the scene could serve as the basis for the requested charge.[7]

---

6. *State v. White,* 361 S.C. 407, 605 S.E.2d 540 (2004).

7. *See* Rule 20(b), SCRCrimP ("[T]he parties shall be given the opportunity to object to the giving or failure to give an instruction before the jury retires, but out of the hearing of the jury. Any objection shall *state distinctly* the matter objected to and *the grounds for objection.*") (emphasis added); *State v. Bailey,* 298 S.C. 1, 5–6, 377 S.E.2d 581, 584 (1989) (holding a party cannot argue one ground at trial and argue an alternative ground on appeal); *Leaphart v. Nat'l Sur. Co.,* 167 S.C. 327, 342, 166 S.E. 415, 421 (1932) ("It is not fair to a circuit judge to permit a party appealing to this court ... to raise questions ... not specifically raised before the circuit judge."); *McKissick v. J.F. Cleckley & Co.,* 325 S.C. 327, 344, 479 S.E.2d 67, 75 (Ct.App.1996) (ruling that an objection should be "sufficiently specific to bring into focus the precise nature of the alleged error so that it can be reasonably understood by the trial judge."); *Bellamy v. Payne,* 304 S.C. 179, 182–84, 403 S.E.2d 326, 328 (Ct.App.1991) (where the trial court refused to instruct the jury with the

We therefore hold Whitten's claim that the victim consented to his attempt to have sexual relations with her did not reduce the offense to a lesser charge because, if the jury had found the victim consented, then in that event Whitten would have been entitled to an acquittal rather than to a conviction of another but lesser crime. To have allowed the jury, under the facts of this case, to consider the offense of ABHAN would have permitted the jury to have convicted him of an offense for which he had not been indicted.

**AFFIRMED.**

HEARN, C.J., and KITTREDGE, J. concur.

---

appellant's requested jury instructions, our court held the appellant's failure to distinctly state the grounds for her objections to the trial court precluded appellate review); *see also* 15 S.C. Juris. *Appeal and Error* § 81 (1992) (noting a party objecting to the trial court's refusal to give their requested jury instruction must distinctly state the grounds for the objection).