THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Oscar Fortune, Appellant.
 
 
 

Appeal From Chesterfield County
 John M. Milling, Circuit Court Judge
Unpublished Opinion No.  2009-UP-259
Submitted May 1, 2009  Filed June 1, 2009
AFFIRMED

 
 
 
 Deputy Chief Appellate Defender Robert M. Dudek, of Columbia, for
 Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka,
 Assistant Attorney General S. Creighton Waters, all of Columbia; and Solicitor Jay
 E Hodge, Jr., of Cheraw, for Respondent.
 
 
 

PER CURIAM:  Oscar Fortune appeals his convictions for murder and possession of a
 deadly weapon during the commission of a violent crime.  Specifically, Fortune
 argues the trial court 1) abused its discretion in proceeding with jury
 selection due to the small jury pool, juror biases, and media exposure and 2)
 abused its discretion in refusing to grant his request to change venues.  We
 affirm[1] pursuant to Rule 220(b), SCACR, and the following
 authorities:  
1. 
 As to whether the trial court erred in proceeding with trial based on the small
 jury pool:  State v. Rogers, 263 S.C. 373, 381, 210 S.E.2d 604, 608 (1974)
 ("A motion for a continuance is addressed to the sound discretion of the
 trial [court]."); S.C. Code Ann. §14-7-200 (Supp. 2008) ("[J]ury commissioners shall proceed to draw at least seventy-five petit
 jurors to serve for that week only. The chief administrative judge or the
 presiding judge of that circuit may increase or decrease the number of jurors
 drawn if he considers it necessary; however, at least seventy-five jurors must
 be drawn.");  Rogers, 263
 S.C. at 382, 210 S.E.2d at 609 ("[A] full venire is not a pre-requisite to
 the commencement of a criminal proceeding. An accused has no right to insist
 upon the attendance of all the veniremen directed to be summoned, nor to demand
 the presence of the maximum number of jurors provided for by statute to be
 drawn or summoned.").  
2. 
 As to whether Fortune received a trial by a competent and impartial jury:  Magazine v. State, 361 S.C. 610, 617, 606 S.E.2d 761, 765 (2004) (internal citation
 omitted) ("[A] criminal defendant has no right to a trial by any
 particular jury, but only a right to a trial by a competent and impartial jury."); Smith v. State, 375 S.C. 507, 518, 654 S.E.2d 523, 529 (2007) (finding
 the trial court must ask whether potential jurors have any bias or prejudice
 against a party to ensure a fair and impartial jury); State v. Patterson,
 324 S.C. 5, 14, 482 S.E.2d 760, 764 (1997) (holding any claim that a jury was
 not impartial must focus on the jurors who were ultimately seated); State v.
 Rogers, 263 S.C. 373, 382, 210 S.E.2d 604, 609 (1974) ("[T]he general
 principle that error must be prejudicial in order to be ground for reversal
 applies to rulings on excusing a juror."). 
3. 
 As to whether the trial court erred in refusing to change venues based on juror
 biases:  State v. Manning, 329 S.C. 1, 7, 495 S.E.2d 191, 194 (1997)
 ("A motion to change venue is addressed to the sound discretion of the
 trial [court] and will not be disturbed on appeal absent an abuse of discretion."); State v. Owens, 293 S.C. 161, 167, 359 S.E.2d 275, 278 (1987) (finding there is
 no abuse of discretion in refusing to change venue if the trial judge has screened
 jurors to insure the defendant a fair trial); State v. Gardner, 332 S.C.
 389, 392, 505 S.E.2d 338, 339 (1998) (finding no error when "[t]here is no
 showing of actual juror prejudice, nor is there a lack of evidentiary support
 for the trial judge's ruling [and] Appellant has failed to demonstrate an abuse
 of discretion in the denial of his motion for a change of venue.").
4. 
 As to whether the trial court erred in refusing to change venues based on
 pretrial publicity:  State v. Manning, 329 S.C. 1, 7, 495 S.E.2d 191,
 194 (1997) ("A motion to change venue is addressed to the sound discretion
 of the trial [court] and will not be disturbed on appeal absent an abuse of
 discretion."); Id. ("When jurors have been exposed to pretrial
 publicity, a denial of a change of venue is not error when the jurors are found
 to have the ability to set aside any impressions or opinions and render a
 verdict based on the evidence presented at trial."); Id.  (finding a
 juror is not automatically disqualified because of pretrial publicity); State
 v. Evins, 373 S.C. 404, 412-13, 645 S.E.2d 904, 908 (2007) ("The
 relevant question is not whether the community remembered the case, but whether
 the jurors had such fixed opinions that they could not judge impartially the
 guilt of the defendant."); Id. at 413, 645 S.E.2d at 908 (holding the
 defendant bears the burden of proving actual juror prejudice from the pretrial
 publicity).  
AFFIRMED.
SHORT, WILLIAMS,
 and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.