THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Reginald Barno, Appellant.
 
 
 
 
 

Appeal From Sumter County
 R. Ferrell Cothran, Jr., Circuit Court
Judge

Unpublished Opinion No. 2010-UP-500    
 Submitted October 1, 2010  Filed November
10, 2010

AFFIRMED

 
 
 
 Appellate Defender Robert M. Pachak, of
 Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief
 Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley
 W. Elliott, and Assistant Attorney General Mark R. Farthing, all of Columbia; and
 Solicitor C. Kelly Jackson, of Sumter, for Respondent.
 
 
 

PER CURIAM:  Reginald Barno was convicted of possession of crack cocaine and possession of
 marijuana.  Barno appeals, asserting the trial judge erred in giving a
 jury charge on inference that was burden shifting.  We affirm.[1]
FACTUAL/PROCEDURAL BACKGROUND
On September 30, 2008,
 investigators with the Sumter County Sheriff's Office were observing the
 residence of Wayne Barkley, who had previously been arrested on a drug charge,
 when appellant pulled up in a black Nissan. Barkley approached the vehicle, and
 it appeared something was exchanged between the men.    When the officers ran
 the tag on the Nissan, it came back as belonging to a Volvo.  After
 Barno pulled away, the officers followed behind and initiated a traffic stop. 
 When asked for his driver's license, appellant indicated he did not have one.  Barno
 was then detained and read his Miranda[2] rights.  The officers then noticed a white rock substance in plain view in the
 front seat of the car that tested positive for crack cocaine.  When one of the
 officers asked whose crack it was, appellant stated it was his.  Later, while
 being booked into the detention center, a small baggy of marijuana was found in
 Barno's pants pocket. 
At the close of the evidence,
 the trial judge indicated his intent to charge that possession may be inferred
 when a substance is found on property under the control of the defendant, and
 that such inference is simply an evidentiary fact to be considered by the
 jury.  Barno objected to the proposed charge, arguing an instruction including
 the word "inferred or inference" would be burden shifting, would
 create a comment on the facts, and would deny him due process.  Specifically, trial
 counsel argued as follows:

 - - if it's the court's intention to use the
 word inferred or inference at any place in your charge, I'm going to
 respectfully object and ask that you do not do that feeling that any time
 the Court gives the jury an instruction as to inference, that that we would
 argue is respectfully  - - I know it's often done generally done in some cases,
 but we would respectfully urge the Court to find that that is burden
 shifting, that that is creating a comment on the facts by the bench which
 is not permitted under the rules, and that ultimately it's a denial of due
 process and that it's violative of the constitutional right to a fundamentally
 fair trial.
 In that, Your Honor, if they're told that they
 may infer something by anything, then why is that not a comment on the facts? 
 I mean, the general nature of the violation of the contraband statute, they
 have got that.
 Why is it we're telling them that they can
 find something if they find something else or that - - that we feel - - any
 time the word inference is used but may be inferred, that phrase, we feel
 that that's burden shifting and improper comment on the facts and denial
 of due process.  
 And we urge the Court not to do that and let
 you know that it would be our intention to respectfully except should the Court
 choose to do that.

(emphasis added).  The trial judge then replied:

 And it's under State v. Adams, 291 SC
 130, it is exactly where that language comes from.  It is in every charge book
 in every Judge in the State of South Carolina dealing with possession of crack
 cocaine as well as possession of marijuana.
 But it - - it does not comment on the facts in
 my opinion.  It simply it is the law in this State.  And it simply says that a
 knowledge - - and possession may be inferred when the substance is found on the
 property under the defendant's control.  However, this inference is simply an
 evidentiary fact to be taken by you.
 I think that is the law.  And I'm going to
 charge it formally, but I note your objection.

The trial judge then charged as he indicated, stating as
 follows:

 The
 defendant's knowledge and possession may be inferred when . . . a substance is
 found on the property under the defendant's control.
 However,
 this inference is simply an evidentiary fact to be taken into consideration by
 you along with the other evidence in this case and to give the weight you
 decide it should have.

Trail counsel excepted to this instruction as
 follows:

 The third exception, Your Honor, would be inference.  You did use the word.  I think it was in the context of something to be
 inferred from control of the premises on which the drugs were found.  So I
 respectfully except to that as being burden shifting for those reasons I told
 you before the break.

(emphasis added).  The trial
 judge declined to recharge on the matter, determining the inference instruction
 was the law of this state.  After deliberations began, the jury sent a note
 asking whether the defendant had "to know that the drugs were in the car
 to be guilty" and what the court meant "by possession."  The
 trial judge recharged the jury that the State was required to prove beyond a
 reasonable doubt that defendant knowingly and intelligently possessed the
 drugs, that to prove possession, the State was required to prove beyond a
 reasonable doubt that the defendant had the power and intent to control the
 disposition of the drugs, and that "defendant's knowledge and possession
 may be inferred when a substance is found on the property under the defendant's
 control" but this inference was simply an evidentiary fact to be
 considered along with the other evidence and "to be given whatever weight
 [the jury] decide[d] it should have."
LAW/ANALYSIS
On appeal, Barno contends
 that the law provides, in order for an inference to be considered permissive,
 the jury must be instructed they are free to accept or reject the inference.  Barno
 asserts, because the trial court failed to specifically instruct the jury they
 could reject the inference, the charge was burden shifting, in violation of his
 due process rights.
We find the issue as argued
 on appeal is not preserved for our review.  Although defense counsel objected
 to the proposed charge and took exception to the instruction given by the
 court, the basis for this objection was not the trial court's failure to
 specifically include language that the jury was free to accept or reject this
 permissive inference of knowledge and possession.  Rather, counsel's sole
 argument was that any instruction including the word "inferred" or "inference"
 would be burden shifting, would be a comment on the facts, and would deny him
 due process.  Counsel never requested the trial judge include language that the
 jury was free to accept or reject the permissive inference.  Further, appellant
 does not challenge on appeal the language of the charge as being improper
 because of the inclusion of the word "inferred" or the word "inference"
 as he argued at trial.On appeal, Barno
 appears to agree that a charge including the word "inference" may be
 proper.  He never argued at trial, as he does on appeal, that the charge was
 burden shifting because it failed to instruct the jury that they could reject
 the inference.  Further, Barno never asked the trial judge to include an
 instruction that the jury could accept or reject the inference.  In essence,
 Barno argued to the trial judge that the charge was improper based upon the use
 of the word "inference," thus contending it was an incorrect
 statement of the law.  However, the law as charged by the trial judge, in and
 of itself, was not an incorrect statement of the law and Barno does not, on
 appeal, challenge the law as charged by the trial judge as an incorrect
 statement.  See  State v. Adams, 291 S.C. 132, 135, 352 S.E.2d
 483, 486 (1987) (stating the proper charge on constructive possession is to
 instruct the jury that the defendant's knowledge and possession may be inferred
 if the substance was found on premises under his control); see also State v. Tindall, 379 S.C. 304, 313-14, 665 S.E.2d 188, 193-94 (Ct. App.
 2008), rev'd on other grounds, 388 S.C. 518, 698 S.E.2d 203 (2010)
 (quoting with approval a charge substantially identical to the case at hand
 which stated, "The defendants knowledge and possession may be inferred
 when a substance is found on the property under the defendants control. 
 However, the inference is simply an evidentiary fact to be taken into
 consideration by you along with other evidence in the case and to be given the
 weight you decide it should have," finding the language adequately charged
 the law as determined from the evidence and provided the proper law for the
 jury to consider).  Rather, Barno essentially asserts that the charge was
 incomplete in that it did not include an instruction that the jury could accept
 or reject the inference.  Barno never requested the trial judge include such an
 instruction with his charge.  Because he is attempting to raise an argument on
 appeal not brought to the trial court's attention, and additionally failed to
 ask the court to include the portion of the charge he is now maintaining should
 have been included, the issue argued on appeal is not properly preserved.  See Madison
 v. Babcock Ctr., Inc., 371 S.C. 123, 144,
 638 S.E.2d 650, 661 (2006) (holding arguments not presented to nor ruled upon
 by trial court are not preserved for appellate review); State v. Freiburger, 366 S.C. 125,
 134, 620 S.E.2d 737, 741 (2005) (finding argument advanced on appeal was not
 raised and ruled on below and therefore was not preserved for review); State v. Dunbar,
 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003) (noting "[a] party need not
 use the exact name of a legal doctrine in order to preserve it, but it must be
 clear that the argument has been presented on that ground")
 (emphasis added); State v. Haselden, 353 S.C. 190, 196, 577 S.E.2d 445,
 448 (2003) (holding a party may not argue one ground at trial and another on
 appeal); State v. McKnight, 352 S.C. 635, 646-47, 576 S.E.2d 168, 174
 (2003) (issue must be raised to and ruled upon by trial court to be preserved
 for review); Morris v. Anderson County, 349 S.C. 607, 611 n.4,  564
 S.E.2d 649, 651 n.4 (2002) (noting "[i]t is well-settled that appellants
 cannot raise new arguments or change their grounds between trial and appeal."); I'On, L.L.C. v. Town of Mt. Pleasant, 338 S.C. 406, 422, 526 S.E.2d 716,
 724 (2000) (stating imposing preservation requirements on the appellant is
 meant to enable the lower court to rule properly after it has considered all
 relevant facts, law, and arguments, and noting that the "purpose of an
 appeal is to determine whether the trial judge erroneously acted or failed to
 act and when appellant's contentions are not presented or passed on by the
 trial judge, such contentions will not be considered on appeal."); State
 v. Whitten, 375 S.C. 43, 47, 649 S.E.2d 505, 507 (Ct. App. 2007) (finding
 an appellate court is limited by appellate rules that allow the court to
 consider only the precise question that was before the trial judge and ruled
 upon by him or her); Queen's Grant II Horizontal Prop.  Regime v. Greenwood
 Dev. Corp., 368 S.C. 342, 373, 628 S.E.2d 902, 919 (Ct. App. 2006) (noting "[i]ssue
 preservation rules are designed to give the trial court a fair opportunity to
 rule on the issues, and thus provide us with a platform for meaningful
 appellate review," and until the trial court considers the matter and
 makes a ruling, an appellate court is unable to find error); see also State v. Stanko, 376 S.C. 571, 578, 658 S.E.2d 94, 97 (2008) (holding,
 absent request by counsel to charge a matter at trial, the issue of whether the
 matter should have been charged is not preserved for review).  Accordingly,
 Barno's convictions are
AFFIRMED.
FEW, C.J., and
 HUFF and GEATHERS, JJ., concur.

[1] We decide this case without oral argument
 pursuant to Rule 215, SCACR.
[2] Miranda v. Arizona, 384 U.S. 436 (1966).