# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

The State, Respondent,

v.

Benjamin Cervantes Hernandez, Petitioner.

Appellate Case No. 2019-000023

———————

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

———————

Appeal from Beaufort County
John C. Hayes, III, Circuit Court Judge

———————

Opinion No. 27923
Submitted October 4, 2019 – Filed October 23, 2019

———————

## AFFIRMED AS MODIFIED

———————

Appellate Defender Susan Barber Hackett, of Columbia,
for Petitioner.

Attorney General Alan Wilson and Assistant Attorney
General Mark Reynolds Farthing, of Columbia, for
Respondent.

———————

**PER CURIAM:** Petitioner filed a petition for a writ of certiorari asking this Court
to review the court of appeals' decision in *State v. Hernandez*, Op. No. 2018-UP-
343 (S.C. Ct. App. withdrawn, substituted, and refiled Sept. 26, 2018). We grant
the petition, dispense with further briefing, and affirm as modified.

## I.

Petitioner visited the home of a family friend in July 2015.  During this visit, three female minors accused him of inappropriately touching them.  The mother of one of the victims called the police, who arrived at the home shortly thereafter.  The police took a statement from Petitioner and later arrested him.

Petitioner was indicted for two counts of criminal sexual conduct (CSC) with a minor in the third degree and one count of CSC with a minor in the second degree. At the trial, the jury acquitted Petitioner of the two counts of CSC with a minor in the third degree, but convicted Petitioner of CSC in the second degree. Petitioner was sentenced to fifteen years' imprisonment and placed on the sex offender registry.

The court of appeals affirmed Petitioner's conviction and sentence.  *Id*.  Both parties filed petitions for rehearing with the court of appeals.  The court of appeals denied both parties' petitions for rehearing, but withdrew the original opinion and substituted a second, unpublished opinion.  We granted Petitioner's petition for a writ of certiorari.

## II.

Petitioner argues the court of appeals erred in affirming the trial court's denial of his request to charge the jury on first and second degree assault and battery as lesser-included offenses of CSC.  Specifically, Petitioner contends this case presents a novel question of law as to whether the codification of common law assault and battery and its various degrees changed the status of assault and battery of a high and aggravated nature (ABHAN) as a lesser-included offense of CSC. Petitioner asserts the status survived the codification.  We disagree.

In 2010, the South Carolina General Assembly passed the Omnibus Crime Reduction and Sentencing Reform Act of 2010 (the Act), which codified all assault and battery crimes into ABHAN, and first, second, and third degree assault and battery.  S.C. Code Ann. § 16-3-600 (2015).  As we stated in *State v. Middleton*, 407 S.C. 312, 755 S.E.2d 432 (2014), the "legislature abolished all common law assault and battery offenses and all prior statutory assault and battery offenses," and in place of those offenses, codified "four degrees of assault and battery."  407 S.C. at 315, 755 S.E.2d at 434.  The Act also provides that ABHAN is a lesser-included offense of attempted murder; assault and battery in the first degree is a lesser-included offense of ABHAN and attempted murder; assault and battery in the second degree is a lesser-included offense of first degree assault and battery,

ABHAN, and attempted murder; and assault and battery in the third degree is a lesser-included offense of second degree assault and battery, first degree assault and battery, ABHAN, and attempted murder. *Id*.

Prior to the passage of the Act, ABHAN was considered a lesser-included offense of CSC. *See State v. Primus*, 349 S.C. 576, 581, 564 S.E.2d 103, 106 (2002) (holding that despite ABHAN failing the traditional elements test,[1] the Court would continue to treat ABHAN as a lesser-included offense of assault with intent to commit CSC), *overruled on other grounds by State v. Gentry*, 563 S.C. 93, 610 S.E.2d 494 (2005); *see also Magazine v. State*, 361 S.C. 610, 618, 606 S.E.2d 761, 765 (2004) ("ABHAN is a lesser-included offense of CSC.").

In *Primus*, we held ABHAN would be a lesser included offense of assault with intent to commit CSC—despite the fact it failed the elements test—"to have a uniform approach to CSC and ABHAN offenses." 349 S.C. at 581, 564 S.E.2d at 106. We relied on *State v. Elliott*, 346 S.C. 603, 552 S.E.2d 727 (2001), *overruled on other grounds by Gentry*, 363 S.C. 93, 610 S.E.2d 494, in which we stated "we have consistently incorporated ABHAN into the CSC framework as a lesser included offense of" assault with intent to commit CSC. 346 S.C. at 607, 552 S.E.2d at 729; *see also Magazine*, 361 S.C. at 618, 606 S.E.2d at 765 ("ABHAN is a lesser-included offense of CSC." (citing *Primus*)). Now that the Legislature has codified all degrees of assault and battery crimes, and has particularly set forth which offenses are lesser included offenses, we no longer see the need to ignore the elements test. We now hold ABHAN is not a lesser included offense of CSC. Thus, the trial court did not err in refusing to instruct the jury on ABHAN. Accordingly, we affirm the court of appeals as modified.

**AFFIRMED AS MODIFIED.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**

---

[1] The elements test evaluates whether each of the offenses requires a different element of proof. *See Blockburger v. United States*, 284 U.S. 299, 304 (1932).