24257

The STATE, Respondent v.
William Newton CLINKSCALES, Jr., Appellant.
(458 S.E. (2d) 548)

Supreme Court

---

*Assistant Appellate Defender M. Anne Pearce,* of *Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Sr. Asst. Atty. Gen. Harold M. Coombs, Jr., Staff Atty. G. Robert DeLoach, III,* Columbia, and *Sol. George M. Ducworth,* Anderson, *for respondent.*

Heard Apr. 4, 1995.

Decided June 19, 1995.

CHANDLER, Acting Associate Justice:

Appellant, William Newton Clinkscales, Jr. (Clinkscales), appeals a Circuit Court Order holding that he was not entitled to counsel on his motion for a New Trial.

## FACTS

Clinkscales was convicted on two counts of conspiracy and two counts of criminal sexual conduct with a minor (CSC). He was sentenced to consecutive terms of imprisonment, consisting of two five-year terms for conspiracy and two twenty-year terms for CSC. We affirmed the convictions and sentences.[1]

Following his direct appeal, Clinkscales, proceeding *pro se,* filed a Motion for New Trial based upon after-discovered evidence, alleging due process violations under *Brady v. Maryland.*[2] He was not represented by counsel at the Hearing, but claims he was entitled to counsel.

Circuit Court denied the New Trial Motion and held that Clinkscales was not entitled to counsel.

## ISSUE

The sole issue is whether Clinkscales was entitled to counsel on his Motion for a New Trial.

---

[1] *State v. Clinkscales,* Op. No. 88-MO-198 (S.C. Sup. Ct. filed Oct. 24, 1988).

[2] 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed. (2d) 215 (1963).

## DISCUSSION

A defendant's Sixth Amendment right to assistance of counsel attaches at all critical stages of a criminal prosecution. *Michigan v. Jackson*, 475 U.S. 625, 106 S.Ct. 1404, 89 L.E. (2d) 631 (1986). However, this constitutional right extends only to the first right of appeal. *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.E. (2d) 539 (1987).

We hold that Clinkscales was not entitled to counsel. Clearly, the New Trial Motion on the ground of after-discovered evidence was not heard and determined at a critical stage. Moreover, the record does not contain evidence which would support a New Trial for after-discovered evidence.

Affirmed.

FINNEY, C.J., and TOAL, MOORE and WALLER, JJ., concur.