528 S.E.2d 422

Michael POSTON, Petitioner/Respondent,

v.

STATE of South Carolina, Respondent/Petitioner.

No. 25074.

Supreme Court of South Carolina.

Submitted Jan. 26, 2000.

Decided Feb. 22, 2000.

38

Assistant Appellate Defender Robert M. Dudek, of South Carolina Office of Appellate Defense, for petitioner/respondent.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Teresa A. Knox, and Assistant Attorney General Lawrence G. Wedekind, all of Columbia, for respondent/petitioner.

PER CURIAM:

Petitioner/respondent was indicted, along with 21 others individuals, for trafficking in cocaine in excess of 400 grams. He was found guilty as charged, sentenced to twenty-five years in prison and fined $200,000. Petitioner/respondent, John E. Watford, James Michael Hill, Bobby Bell, James Napolean Smith and Tommy McElveen, all appealed. The Court of Appeals affirmed. *State v. Barroso*, 320 S.C. 1, 462 S.E.2d 862 (Ct.App.1995).

All seven men then sought a writ of certiorari in this Court. However, before a decision was rendered on the petitions, petitioner/respondent moved to relieve appellate counsel and to withdraw his petition for a writ of certiorari so that he could pursue post-conviction relief (PCR). Appellate counsel explained the risks of withdrawing the petition to petitioner/respondent and was opposed to him taking such action, but petitioner/respondent acknowledged he was aware of the risks associated with withdrawing the petition, including the fact that he would be forever waiving review of the issues raised therein. Accordingly, by order dated April 4, 1996, petitioner/respondent's motion to relieve counsel and motion to withdraw the petition for a writ of certiorari were granted. Thereafter, this Court granted certiorari on the petitions filed by petitioner/respondent's co-defendants and reversed their convictions. *State v. Barroso*, 328 S.C. 268, 493 S.E.2d 854 (1997).

Petitioner/respondent filed a PCR application alleging ineffective assistance of trial counsel and appellate counsel. The PCR judge bifurcated the issues and only the issue of ineffective assistance of appellate counsel was actually heard. Petitioner/respondent argued that appellate counsel was ineffective for failing to raise, in the petition for a writ of certiorari to the Court of Appeals, the issue on which this Court granted certiorari in his co-defendants' cases. The PCR judge found appellate counsel did not raise the issue on which petitioner/respondent's co-defendants' convictions were reversed by this Court. While he concluded appellate counsel was not ineffective for failing to raise the issue, he also concluded that petitioner/respondent did not knowingly and intelligently waive his right to a direct appeal because his decision to withdraw his petition was not based on full knowledge and appreciation of the risk and substantive rights that he was giving up. The PCR judge therefore granted petitioner/respondent a belated appeal pursuant to *White v. State*, 263 S.C. 110, 208 S.E.2d 35 (1974) and *Davis v. State*, 288 S.C. 290, 342 S.E.2d 60 (1986).

Both petitioner/respondent and the State have filed petitions for a writ of certiorari. We deny petitioner/respondent's petition, but grant the State's petition, dispense with further briefing and affirm in part and reverse in part the order of the PCR court.

 The cases of *White v. State, supra,* and *Davis v. State, supra,* upon which the PCR judge relied in granting petitioner/respondent relief, deal with waiver of the right to *direct* appeal, or a first appeal of right. Those cases are not applicable here because a petition for a writ of certiorari to the Court of Appeals is a discretionary appeal, not an appeal to which petitioner/respondent is entitled as a matter of right. Rule 226(b), SCACR. Since petitioner/respondent had no right to a discretionary appeal, the PCR judge erred in addressing the issue of waiver after finding appellate counsel was not ineffective.

 The PCR judge also erred in finding petitioner/respondent did not knowingly and intelligently waive his opportunity to seek a writ of certiorari. The issue this Court granted certiorari on, and eventually reversed the co-defendants' con-

victions on, was the admission of evidence under *State v. Lyle,* 125 S.C. 406, 118 S.E. 803 (1923) of prior bad acts committed *by the defendants,* specifically the use and sale of marijuana. That issue was raised in petitioner/respondent's petition for a writ of certiorari to the Court of Appeals and was worded substantially the same as those in the co-defendants' petitions. Petitioner/respondent forever waived that issue when he withdrew his petition for a writ of certiorari to the Court of Appeals.

Finally, petitioner/respondent did not elect to withdraw his petition because appellate counsel did not raise the issue on which this Court granted certiorari and reversed his co-defendants' convictions. He specifically stated that he was withdrawing the petition because of perceived preservation problems with an unrelated issue and because he wanted to pursue PCR.

It is clear from the record that petitioner/respondent knowingly and voluntarily withdrew his petition despite warnings against doing so and with full knowledge that he would be forever waiving the issues raised therein, including the *Lyle* issue on which he now seeks to be heard. Accordingly, we affirm that portion of the PCR judge's order finding appellate counsel was not ineffective, but reverse that portion of the order finding petitioner/respondent did not knowingly and intelligently waive his right to a direct appeal and granting him a belated appeal.

WALLER, J., not participating.