631 S.E.2d 542

**George Langford DOUGLAS, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

**No. 26173.**

Supreme Court of South Carolina.

Submitted April 19, 2006.

Decided June 20, 2006.

Rehearing Denied July 7, 2006.

214

Frank Anthony Barton, of West Columbia, for Petitioner.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, and Assistant Deputy Attorney General Salley W. Elliott, all of Columbia, for Respondent.

Justice PLEICONES:

Petitioner's counsel, exercising professional judgment, determined that there was no basis upon which to seek a writ of certiorari to review the Court of Appeals' decision affirming petitioner's direct appeal. Petitioner then brought this post-conviction relief (PCR) action. Following an evidentiary hearing, the PCR judge held petitioner was entitled to seek

belated discretionary review of his direct appeal. We granted certiorari, and now reverse.

## ISSUE

Whether the circuit court erred in granting relief where petitioner's direct appeal attorney did not pursue discretionary review?

## ANALYSIS

■■ The PCR judge granted petitioner the right to seek a belated writ of certiorari to review the Court of Appeals' decision on direct appeal under the mistaken belief that such a result was compelled by our decision in *White v. State,* 263 S.C. 110, 208 S.E.2d 35 (1974). As we explained in *Poston v. State,* 339 S.C. 37, 528 S.E.2d 422 (2000)[1] and in *Legge v. State,* 349 S.C. 222, 562 S.E.2d 618 (2002), *White v. State* is limited to situations where the PCR applicant did not knowingly and intelligently waive his right to a direct appeal. Petitioner, of course, was afforded this right.

■ We decline to impose a duty on appellate counsel to pursue rehearing and/or certiorari following the decision of the Court of Appeals in a criminal direct appeal. The imposition of such a duty would conflict with this Court's explanation in *In re Exhaustion of State Remedies in Criminal and Post–Conviction Relief Cases,* 321 S.C. 563, 471 S.E.2d 454 (1990), that the Court of Appeals was created to reduce the State's appellate backlog. A holding that certiorari must be sought whenever requested would increase this Court's workload by increasing the number of criminal writs of certiorari to the

---

1. We overrule *Poston* to the extent it may be read to hold that a claim of ineffective assistance of counsel may be made against an attorney involved in pursuing certiorari after a direct appeal.

An individual has no constitutional right to the effective assistance of counsel when seeking discretionary appellate review. *Wainwright v. Torna,* 455 U.S. 586, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982) (no Sixth Amendment right to counsel in pursuing discretionary appeal); *see also Ross v. Moffitt,* 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974) (no Fourteenth Amendment right to counsel when pursuing discretionary appeal after an appeal of right); *State v. Clinkscales,* 318 S.C. 513, 458 S.E.2d 548 (1995) (Sixth Amendment right to counsel "extends only to the first right of appeal").

Court of Appeals. This Court "reviews [Court of Appeals] decisions by writ of certiorari only where special reasons justify exercise of that power." *Id.* We find that the decision whether to pursue certiorari is a matter left solely to the appellant's attorney's professional discretion. *Cf. Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983) (Appellate counsel must be allowed to exercise reasonable professional judgment in determining which non-frivolous issues to raise on direct appeal).

## CONCLUSION

The PCR order finding petitioner was entitled to relief is **REVERSED.**

TOAL, C.J., MOORE, WALLER and BURNETT, JJ., concur.