641 S.E.2d 431

**Laterrence DUNLAP, Petitioner,**

**v.**

**STATE of South Carolina, Respondent.**

Supreme Court of South Carolina.

Jan. 31, 2007.

## ORDER

Petitioner seeks a writ of certiorari to review an order of the Court of Appeals denying his request for a writ of certiorari in this post-conviction relief (PCR) action. We deny the petition for a writ of certiorari.

Because this Court only recently began transferring PCR actions to the Court of Appeals, the first petitions for writs of certiorari to the Court of Appeals in PCR actions are now being filed with this Court. We take this opportunity to remind the Bar that petitions for writs of certiorari following a decision by the Court of Appeals in these actions are not required.

In appeals from criminal convictions **or post-conviction relief matters,** a litigant is not required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. *In re Exhaustion of State Remedies in Criminal and Post–Conviction Relief Cases,* 321 S.C. 563, 471 S.E.2d 454 (1990). Instead, when the

claim has been presented to the Court of Appeals, and relief has been denied, the litigant is deemed to have exhausted all available state remedies. *Id.*

In addition, we have held that appellate counsel is not required to seek a writ of certiorari following the decision of the Court of Appeals in a criminal direct appeal because this would merely increase this Court's workload. *Douglas v. State,* 369 S.C. 213, 631 S.E.2d 542 (2006). We extend this reasoning to PCR actions and hold appellate counsel is not required to seek certiorari from a decision of the Court of Appeals in a PCR action.

s/ Jean H. Toal C. J.
FOR THE COURT