659 S.E.2d 170

**Terrence HAGGINS, Respondent,**

v.

**STATE of South Carolina, Petitioner.**

**No. 26463.**

Supreme Court of South Carolina.

Submitted Feb. 21, 2008.

Decided March 24, 2008.

---

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General David A. Spencer, all of Columbia, for Petitioner.

Deputy Chief Appellate Defender Wanda H. Carter, of South Carolina Commission on Indigent Defense, Division of Appellate Defense, of Columbia, for Respondent.

PER CURIAM.

The State petitioned the Court of Appeals pursuant to Rule 227, SCACR, for a writ of certiorari to review a circuit court order granting respondent's application for post-conviction relief (PCR). The Court of Appeals denied the State's petition by letter without issuing a formal order or opinion.[1] We granted the State's petition for a writ of certiorari made pursuant to Rule 226, SCACR, to review the Court of Appeals' denial and now dismiss the writ as improvidently granted. We hold that, as a matter of policy, we will not entertain Rule 226 petitions where the Court of Appeals has exercised its discretion and denied a Rule 227 petition, and no formal opinion or order has been filed.

This Court has held that it will grant certiorari to the Court of Appeals "only where special reasons justify the exercise of that power." *In re Exhaustion of State Remedies in Criminal and Post–Conviction Relief Cases*, 321 S.C. 563, 471 S.E.2d 454 (1990), cited with approval in *Douglas v. State*, 369 S.C. 213, 631 S.E.2d 542 (2006) (holding counsel not required to seek certiorari after criminal direct appeal decided by Court of Appeals) and in *Dunlap v. State*, 371 S.C. 585, 641 S.E.2d 431 (2007) (extending rationale of *Douglas* to PCR cases, and holding counsel not required to seek certiorari from the Court of Appeals decision).

A decision by the Court of Appeals to grant or deny a writ of PCR certiorari is a matter committed to that court's discretion. The decision to deny PCR certiorari can never be deemed "a special reason" justifying the exercise of our discretion, nor can an informal "letter denial" meet any of the

---

1. As is the practice in this Court, parties are informed that their petitions for writs of certiorari have been denied by letter from the appellate court clerk's office.

five criteria we consider when determining whether to grant certiorari to a decision of the Court of Appeals. *See* Rule 226(b), SCACR.[2]

We therefore hold that we will not entertain Rule 226 petitions for writ of certiorari to review "letter denials" in PCR matters. Accordingly, this writ is

**DISMISSED AS IMPROVIDENTLY GRANTED.**

TOAL, C.J., MOORE, WALLER, PLEICONES and BEATTY, JJ., concur.

---

2. Where there are novel questions of law; where there is a dissent in the decision of the Court of Appeals; where the decision of the Court of Appeals is in conflict with a prior decision of the Supreme Court; where substantial constitutional issues are directly involved; and/or where a federal question is included and the decision of the Court of Appeals conflicts with a decision of the United States Supreme Court.