663 S.E.2d 480

**Jose MISSOURI, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

Supreme Court of South Carolina.

June 26, 2008.

## ORDER

Counsel for petitioner filed a petition for a writ of certiorari, pursuant to *Johnson v. State,* 294 S.C. 310, 364 S.E.2d 201 (1988), from an order denying and dismissing petitioner's application for post-conviction relief (PCR). By order dated October 30, 2007, the Court of Appeals denied the petition.

Thereafter, counsel for petitioner received two extensions of time to serve and file a petition for a writ of certiorari and appendix pursuant to Rule 226, SCACR, in this Court. Meanwhile, this Court held in *Haggins v. State,* 377 S.C. 135, 659 S.E.2d 170 (2008), that it will not entertain a petition for a writ of certiorari pursuant to Rule 226 in a PCR matter where there has been a "letter denial" by the Court of Appeals.

By order dated April 9, 2008, this matter was dismissed, pursuant to *Haggins,* on the ground that the Court of Appeals denied the petition for a writ of certiorari by letter without issuing a formal order or opinion. The Court of Appeals sent the remittitur to the lower court on April 10, 2008.

Petitioner now asks the Court to reconsider its decision, recall the remittitur and reinstate the matter. Specifically, petitioner argues *Haggins* is inapplicable to his case because his petition was denied by way of an order. Petitioner argues further that the Court should recall the remittitur and grant reinstatement because the Court had already granted him two extensions of time, he had completed work on the petition at the time the order of dismissal was issued, his case involves substantial meritorious issues for appellate review, and the rule set forth in *Haggins* should not be applied to PCR appeals already before the Court. Finally, petitioner argues application of *Haggins* to his case would violate his rights to due process and equal protection.

Initially, we agree that this matter should not have been dismissed pursuant to *Haggins* since the Court of Appeals disposed of the petition for a writ of certiorari by way of an order instead of a letter denial. However, we hereby extend *Haggins* to petitions for a writ of certiorari filed in this Court pursuant to Rule 226 following the Court of Appeals' issuance of an order denying a petition for a writ of certiorari filed pursuant to *Johnson v. State, supra* in a PCR matter.

We find neither *Haggins,* nor our extension of *Haggins* herein, constitutes a violation of constitutional rights. *Ross v. Moffitt,* 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974); *Sloan v. S.C. Bd. of Physical Therapy Examiners,* 370 S.C. 452, 636 S.E.2d 598 (2006); *Denene, Inc. v. City of Charleston,* 359 S.C. 85, 596 S.E.2d 917 (2004); Rule 226(b), SCACR; 16C C.J.S. *Constitutional Law* § 1691 (2005). Finally, petitioner's argument that *Haggins* should not apply to his case because it was already pending before the Court at the time the decision in *Haggins* was issued, and because petitioner had already invested time and resources in preparing the petition, ignores the fact that this Court applied the new rule set forth in *Haggins* to Haggins himself, indicating our intent for the rule to be applied to all Rule 226 petitions in PCR appeals regardless of how far along in the process they may be. For that reason, we find it appropriate to apply our extension of the rule announced herein to petitioner's case and deny petitioner's motion to recall the remittitur and reinstate the petition for a writ of certiorari.

IT IS SO ORDERED.

JEAN H. TOAL, C.J., JAMES E. MOORE, JOHN H. WALLER, JR., COSTA M. PLEICONES, and DONALD W. BEATTY, JJ.