673 S.E.2d 811

**The STATE, Respondent,**

v.

**Clifton LYLES, Petitioner.**

Supreme Court of South Carolina.

Feb. 19, 2009.

## ORDER

Petitioner was convicted of trafficking in crack cocaine. He was sentenced to imprisonment for thirty years and payment of a $50,000 fine. After an *Anders*[1] review, the Court of Appeals dismissed petitioner's direct appeal. *State v. Lyles,* Op. No.2008–UP–223 (S.C. Ct.App. filed April 11, 2008).

Petitioner has now filed a *pro se* petition for a writ of certiorari to review the decision of the Court of Appeals. We deny the petition and hold that, as a matter of policy, we will not entertain petitions for writs of certiorari to the Court of Appeals where the Court of Appeals has conducted an *Anders* review.

As this Court explained in *In re Exhaustion of State Remedies in Criminal and Post–Conviction Relief Cases,* 321 S.C. 563, 471 S.E.2d 454 (1990), the Court of Appeals was created to reduce the State's appellate backlog. The Court has held it will grant certiorari to the Court of Appeals only where special reasons justify the exercise of that power. *Haggins v. State,* 377 S.C. 135, 659 S.E.2d 170 (2008); *In re Exhaustion of State Remedies in Criminal Post–Conviction Relief Cases, supra.* Further, Rule 226(b), SCACR, empha-

---

1. *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

sizes the discretionary authority of the Court to review decisions of the Court of Appeals. The rule states, "[a] writ of certiorari . . . will be granted only where there are special and important reasons," and provides examples of reasons which may justify review by this Court.[2] In addition, an individual has no constitutional right to the effective assistance of counsel when seeking discretionary appellate review, and counsel is not required to seek a writ of certiorari after a criminal appeal is decided by the Court of Appeals. *Douglas v. State,* 369 S.C. 213, 631 S.E.2d 542 (2006). Litigants are not required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies for federal habeas corpus review. *In re Exhaustion of State Remedies in Criminal Post–Conviction Relief Cases, supra.*

The Court has already identified two categories of Court of Appeals' decisions it will not review. *Missouri v. State,* 378 S.C. 594, 663 S.E.2d 480 (2008) (orders denying certiorari in post-conviction relief cases); *Haggins v. State, supra* (letter denials in post-conviction relief cases).

■ In *State v. Williams,* 305 S.C. 116, 406 S.E.2d 357 (1991), this Court set forth the process to be followed when counsel submits a brief under *Anders* and petitions to be relieved as counsel. In these cases, the role of the appellate court is to review the brief submitted by counsel, any *pro se* response submitted by the appellant, and the record on appeal to determine whether the appeal contains any issues of arguable merit. *Id.* If an issue is found which has arguable merit, the appellate court will direct the parties to file merit briefs, and the case will proceed under the normal appellate process. *Id.* On the other hand, if no issues of arguable merit are found by the appellate court, the appeal is dismissed, and the appellant's counsel is relieved. *Id.*

■ Under this procedure, a decision of the Court of Appeals dismissing an appeal after conducting a review pursuant

---

**2.** Where there are novel questions of law; where there is a dissent in the decision of the Court of Appeals; where the decision of the Court of Appeals is in conflict with a prior decision of the Supreme Court; where substantial constitutional issues are directly involved; and/or where a federal question is included and the decision of the Court of Appeals conflicts with a decision of the United States Supreme Court.

to *Anders* is not a decision on the merits of the appeal, but simply reflects that the appellate court was unable to ascertain a non-frivolous issue which would require counsel to file a merits brief. A decision of this nature does not meet the "special and important" standard established by Rule 226(b) and this Court's decisions concerning petitions for writs of certiorari to the Court of Appeals. Accordingly, we deny the petition for a writ of certiorari in this matter. This Court will no longer entertain petitions for writs of certiorari where the Court of Appeals has dismissed an appeal after conducting an *Anders* review.

JEAN H. TOAL C.J., JOHN H. WALLER, JR., COSTA M. PLEICONES, DONALD W. BEATTY J., and JOHN W. KITTREDGE JJ.