676 S.E.2d 671

**Scott ELLISON, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

Supreme Court of South Carolina.

April 10, 2009.

## ORDER

Counsel for petitioner filed a petition for a writ of certiorari from an order denying and dismissing his application for post-conviction relief (PCR). By order dated November 6, 2008, the Court of Appeals denied the petition.[1] Petitioner's petition for rehearing was denied on December 18, 2008.

Thereafter, petitioner's counsel sought and received a thirty day extension of time to serve and file a petition for a writ of certiorari in this Court pursuant to Rule 226, SCACR. The State asserts the petition for a writ of certiorari should be denied based on this Court's decisions in *Haggins v. State*, 377 S.C. 135, 659 S.E.2d 170 (2008)(stating Court will not entertain petitions for a writ of certiorari pursuant to Rule 226 where Court of Appeals issues "letter denial"), *Missouri v. State*, 378 S.C. 594, 663 S.E.2d 480 (2008)(extending *Haggins* to petitions for a writ of certiorari filed in this Court pursuant to Rule 226 following Court of Appeals' issuance of order denying petition for writ of certiorari pursuant to *Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201 (1988)), and *In re Exhaustion of State Remedies in Criminal and Post–Conviction Relief Cases*, 321 S.C. 563, 471 S.E.2d 454 (1990)(stating this Court reviews decisions of Court of Appeals by way of writ of certiorari only where special reasons justify exercise of that power).

Counsel for petitioner maintains petitioner's case is distinguishable because the Court of Appeals did not issue a letter denial or an order denying the petition pursuant to *Johnson*. Counsel further notes the Court of Appeals is well aware of

---

1. The order states, "This matter is before the Court on a petition for a writ of certiorari following the denial of Petitioner's application for post-conviction relief. The petition for a writ of certiorari is denied."

this Court's ruling in *Haggins,* but chose not to issue a letter denial in petitioner's case, indicating the Court of Appeals' desire to ensure its ruling is subject to review by this Court. Citing *O'Sullivan v. Boerckel,* 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999), counsel also contends petitioner fears being procedurally barred from review of his federal constitutional claims in a subsequent petition for a writ of habeas corpus if he does not seek review by this Court. Finally, counsel argues the policy established in *Haggins* and *Missouri* violates petitioner's rights under the Equal Protection Clause because it denies an arbitrarily constituted group of PCR applicants access to this Court.

In *Haggins,* we noted a decision by the Court of Appeals to grant or deny a writ of certiorari in a PCR case is a matter committed to that court's discretion, and a decision to deny certiorari in such a case can never be deemed "a special reason" justifying the exercise of our discretion under Rule 226. We noted further that an informal letter denial cannot meet any of the five criteria we consider when determining whether to grant certiorari to review a decision of the Court of Appeals pursuant to Rule 226. While the language in our opinion in *Haggins* could be construed to preclude review of the Court of Appeals' order in the case at hand, we realize that the specific holding in *Haggins* applies only to letter denials. Accordingly, we take this opportunity to extend our decisions in *Haggins* and *Missouri* to cases in which the Court of Appeals has issued an order denying a writ of certiorari in a PCR matter and in cases in which the Court of Appeals initially issues an order granting a writ of certiorari in such matters but later issues an opinion dismissing the writ as improvidently granted without further discussion of the case. Our decision is based on the same reasoning set forth in *Haggins.* We also find petitioner's equal protection argument unavailing for the reasons set forth in *Missouri.*

Finally, our decision does not preclude federal habeas corpus review under *Boerckel.* The United States Supreme Court specifically stated in *Boerckel* that nothing in its decision requires exhaustion of any state remedy when a state has provided that remedy is not available. We have, by our decisions in *Haggins, Missouri,* and the case at hand, provided that discretionary review by this Court is not available

following the issuance of the types of decisions addressed therein. Accordingly, petitioner's failure to obtain discretionary review by the Court in this case should not preclude federal habeas corpus review.

Because we hereby hold we will not entertain petitions for a writ of certiorari under Rule 226 from orders such as the one issued by the Court of Appeals in this case, we deny counsel's request for an extension of time to serve and file a petition for a writ of certiorari and her motion for leave to submit a petition for a writ of certiorari.

IT IS SO ORDERED.

JEAN H. TOAL, C.J., JOHN H. WALLER, JR., COSTA M. PLEICONES, DONALD W. BEATTY, and JOHN W. KITTREDGE, JJ.