**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jody Lynn Ward, Appellant.

Appellate Case No. 2012-213222

Appeal From Georgetown County
Benjamin H. Culbertson, Circuit Court Judge

Unpublished Opinion No. 2014-UP-402
Submitted September 1, 2014 – Filed November 12, 2014

**AFFIRMED**

Jody Lynn Ward, pro se.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, and Senior Assistant Attorney General W. Edgar Salter, III, all of Columbia; and Solicitor Jimmy A. Richardson, II, of Conway, for Respondent.

**PER CURIAM:**  Jody Lynn Ward appeals the trial court's orders denying his motion for a new trial based on after-discovered evidence, arguing (1) the trial court should have granted an evidentiary hearing, (2) the trial court abused its discretion in denying the motion because he met the necessary requirements to prove after-discovered evidence, and (3) he was denied due process.  Ward also appeals the denial of his motions for appointment of counsel, investigative expenses, and arrest of judgment.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the trial court erred in not conducting a hearing: Rule 29(a), SCRCrimP (providing a post-trial motion "may, in the discretion of the court, be determined on briefs filed by the parties without oral argument").

2.  As to whether the trial court abused its discretion in denying the motion for a new trial based on after-discovered evidence: *State v. Harris*, 391 S.C. 539, 544-45, 706 S.E.2d 526, 529 (Ct. App. 2011) ("A motion for a new trial based on after-discovered evidence is addressed to the sound discretion of the trial [court]."); *id.* at 545, 706 S.E2d at 529 ("In order to warrant the granting of a new trial on the ground of after-discovered evidence, the movant must show the evidence (1) is such as will probably change the result if a new trial is granted; (2) has been discovered since the trial; (3) could not have been discovered before the trial by the exercise of due diligence; (4) is material to the issue; and (5) is not merely cumulative or impeaching.").

3.  As to whether the trial court erred in denying his motion for a new trial based on a violation of due process because he was prevented from filing an affidavit: *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) (stating issues must be raised to and ruled on by the trial court to be preserved for appellate review); *State v. Hamilton*, 333 S.C. 642, 648, 511 S.E.2d 94, 97 (Ct. App. 1999) ("[I]t is improper to argue new matter in a motion for reconsideration.").

4.  As to whether the trial court erred in denying his motion for appointment of counsel and investigative expenses: *State v. Clinkscales*, 318 S.C. 513, 515, 458 S.E.2d 548, 549 (1995) (holding the appellant was not entitled to appointment of counsel to argue for new trial based on after-discovered evidence when this motion was not at a critical stage and the record did not contain after-discovered evidence that would support a new trial).

5:  As to whether the trial court erred in denying his motion for arrest of judgment: *State v. Follin*, 352 S.C. 235, 259, 573 S.E.2d 812, 824 (Ct. App. 2002) ("A 'motion for arrest of judgment' is a postverdict motion made to prevent the entry of a judgment where the charging document is insufficient or the court lacked jurisdiction to try the matter.").

**AFFIRMED.**[1]

**WILLIAMS, GEATHERS, and McDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.