**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Willie Young, Appellant.

Appellate Case No. 2017-000557

———————

Appeal From Orangeburg County
Edgar W. Dickson, Circuit Court Judge

———————

Unpublished Opinion No. 2020-UP-268
Submitted September 1, 2020 – Filed September 23, 2020

———————

**AFFIRMED**

———————

Willie Young, pro se.

Attorney General Alan McCrory Wilson and Assistant Attorney General Joshua Abraham Edwards, both of Columbia; and Solicitor David Michael Pascoe, Jr., of Orangeburg, all for Respondent.

———————

**PER CURIAM:** Willie Young appeals the circuit court's denial of his motion for a new trial pursuant to Rule 29(b) of the South Carolina Rules of Criminal Procedure the circuit court's failure to appoint counsel during the motion hearing. On appeal, Young argues his indictment should have been dismissed because it

was true-billed during a time when Orangeburg County lacked general session jurisdiction.  Further, he contends the circuit court erred by not providing him with the appointed counsel he requested at the motion hearing.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  The circuit court did not abuse its discretion in denying Young's motion for a new trial based on after-discovered evidence.  *See State v. Harris*, 391 S.C. 539, 544-45, 706 S.E.2d 526, 529 (Ct. App. 2011) ("'A motion for a new trial based on after-discovered evidence is addressed to the sound discretion of the [circuit court].  The granting of a new trial because of after-discovered evidence is not favored,' and this court will affirm the [circuit] court's denial of such a motion unless the [circuit] court abused its discretion." (quoting *State v. Irvin*, 270 S.C. 539, 545, 243 S.E.2d 195, 197-98 (1978))).  Here, Young provided his indictment as after-discovered evidence, arguing his indictment was null and void because the date it was signed did not coincide with the scheduled terms of court for Orangeburg County as provided in section 14-5-620 of the South Carolina Code (2017).  However, because the date on the indictment could have reasonably been discovered at the time of trial, Young had access to the indictment in his records since the indictment was signed in 2002, and Young was represented by counsel, we hold the circuit court properly denied Young's motion.  *See Harris*, 391 S.C. at 545, 706 S.E.2d at 529 ("In order to warrant the grant of a new trial on the ground of after-discovered evidence, the movant must show the evidence (1) is such as will probably change the result if a new trial is granted; (2) has been discovered since the trial; (3) could not have been discovered before the trial by the exercise of due diligence; (4) is material to the issue; and (5) is not merely cumulative or impeaching.").[1]

2.  The circuit court properly denied Young's request for counsel because Young's motion was not made during a critical stage of his prosecution and he did not provide after-discovered evidence warranting a new trial.  *See State v. Clinkscales*, 318 S.C. 513, 515, 458 S.E.2d 548, 549 (1995) ("A defendant's Sixth Amendment right to assistance of counsel attaches at all critical stages of a criminal prosecution.  However, this constitutional right extends only to the first right of

---

[1] We further note Orangeburg County was not limited to the terms of court specified in section 14-5-620(3) of the South Carolina Code and had jurisdiction to impanel a grand jury when Young was indicted.  *See* S.C. Const. art. V, § 4 ("The Chief Justice shall set the terms of any court . . . . Provided, each county shall be entitled to four weeks of court each year and such terms therefore shall be provided for by the General Assembly.").

appeal.") (citations omitted); *id.* (holding appellants are not entitled to an appointment of counsel to argue for a new trial based on after-discovered evidence when their motion is not at a critical stage and the record does not contain after-discovered evidence that would support a new trial).

**AFFIRMED.**[2]

**HUFF, WILLIAMS, and GEATHERS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.