755 S.E.2d 432

**The STATE, Respondent,**

v.

**Quashon MIDDLETON, Appellant.**

**Appellate Case No. 2011–196767.**

**No. 27358.**

Supreme Court of South Carolina.

Heard March 20, 2013.

Decided Feb. 26, 2014.

Rehearing Denied April 2, 2014.

Appellate Defender Susan Barber Hackett, of Columbia, for Appellant.

314

■■■■■■■■

Attorney General Alan McCrory Wilson, Senior Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General William M. Blitch, Jr., all of Columbia, and Solicitor Isaac McDuffie Stone, III, of Beaufort, for Respondent.

Chief Justice TOAL.

Quashon Middleton (Appellant) appeals his convictions and sentences for two counts of attempted murder and one count of possession of a weapon during the commission of a violent crime. We affirm.

## FACTS

On September 28, 2010, Stephanie Mack was driving her vehicle in which Ryan Stephens was riding as a passenger. Mack stopped the vehicle at a school bus stop sign. They were 10–15 feet away from the school bus, facing the bus in the opposite lane, as kindergarten-aged children attempted to exit the bus. Appellant, driving a moped, approached Mack's stopped vehicle from the rear, and drove around to the passenger side. As he approached, he pulled out a gun and began firing into the passenger side of the vehicle, striking the vehicle repeatedly and shattering glass. He continued shooting into the vehicle as he rounded the front of the vehicle. Stephens testified that he and Mack were "laid back" in the seats at the time Appellant approached the vehicle, and he immediately jumped across Mack and into the driver's seat so that he could drive away. In the process, he struck Appellant with the vehicle. He stated these actions were the reasons that he and Mack were not shot and killed. Both Stephens and Mack testified that Appellant shot at them 5–7 times. None of the bullets struck Mack or Stephens. At trial, Mack testified that her only injuries were a few cuts from the broken glass. Stephens testified that he was upset by the incident but was not otherwise struck or injured in any way.

Appellant was charged with two counts of attempted murder and one count of possession of a weapon during the commission of a violent crime. He requested a jury charge on the lesser-included offense of assault and battery in the first degree on both counts of attempted murder. The trial judge

charged the jury on the lesser-included offense as to Mack but refused to charge the lesser-included offense as to Stephens.

## ISSUE

Did the trial court err when it refused to instruct the jury on the lesser-included offense of assault and battery in the first degree?

## ANALYSIS

Appellant argues that the trial judge erred in refusing to charge the jury on the lesser-included offense of assault and battery in the first degree as to Stephens and that this error requires reversal. We agree that the failure to charge the lesser-included offense was error; however, we find this error was harmless beyond a reasonable doubt.

Appellant committed the crimes alleged in September 2010, three months after the Omnibus Crime Reduction and Sentencing Reform Act of 2010 (the Act), which substantially overhauled the state's criminal law, became effective. *See generally* Act No. 273, 2010 S.C. Acts 1937. Through the passage of the Act, the legislature abolished all common law assault and battery offenses and all prior statutory assault and battery offenses. In place of these offenses, the Act codifies attempted murder in section 16–3–29 and four degrees of assault and battery in section 16–3–600. *See* S.C.Code Ann. §§ 16–3–29 & 16–3–600 (Supp.2012). The new degrees of assault and battery are, in descending order of severity, assault and battery of a high and aggravated nature (ABHAN), and assault and battery in the first, second, and third degrees. *See generally id.* § 16–3–600. Under the statute, ABHAN is a lesser-included offense of attempted murder. *Id.* § 16–3–600(B)(3). Assault and battery in the first degree is a lesser-included offense of both attempted murder and ABHAN. *Id.* § 16–3–600(C)(3). Further, assault and battery in the second and third degree are each lesser-included offenses of every preceding offense. *Id.* § 16–3–600(D)(3) & (E)(3).

 At trial, Appellant requested that the judge instruct the jury on the lesser-included offense of assault and battery

in the first degree pursuant to section 16–3–600(C) as to both Mack and Stephens. That section provides, in relevant part:

(C)(1) A person commits the offense of assault and battery in the first degree if the person unlawfully:

(a) **injures** another person, and the act:

(i) involves nonconsensual touching of the private parts . . . with lewd and lascivious intent; or

(ii) occurred during the commission of a robbery, burglary, kidnapping, or theft, **or**

(b) **offers or attempts to injure another person with the present ability to do so, and the act:**

(i) **is accomplished by means likely to produce death or great bodily injury;** [1] or

(ii) occurred during the commission of a robbery, burglary, kidnapping, or theft.

S.C.Code Ann. § 16–3–600(C)(1) (emphasis added). The trial judge agreed to charge the lesser-included offense of assault and battery in the first degree as to Mack, but he reasoned that because there was no evidence Stephens was injured, it would be inappropriate to instruct the lesser-included offense of assault and battery in the first degree as to Stephens. We find this was error.

The trial judge misconstrued the statutory definition of assault and battery in the first degree as requiring an injury to the victim. While subsection (a) does require an injury to the victim, assault and battery in the first degree also comprises subsection (b) of the statute. *See Brewer v. Brewer*, 242 S.C. 9, 14, 129 S.E.2d 736, 738 (1963) ("The word 'or' used in a statute, is a disjunctive particle that marks an alternative. The word 'or' used in a statute imports choice between two alternatives and as ordinarily used, means one or the other of two, but not both.") (citations omitted). Under subsection (b), "offer[ing] or attempt[ing] to injure a person with the present ability to do so by means likely to produce death or great bodily injury" constitutes assault and battery in the first

---

1. "Great bodily injury" is defined as "bodily injury which causes a substantial risk of death or which causes serious, permanent disfigurement or protracted loss or impairment of the function of a bodily member or organ." S.C.Code Ann. § 16–3–600(A)(1).

degree. It is undisputed that the elements of subsection (b) are met in this case. Thus, the circuit court erred in refusing to charge the lesser-included offense of assault and battery in the first degree as to Stephens. *See State v. White*, 361 S.C. 407, 412, 605 S.E.2d 540, 542 (2004) ("A trial judge must charge a lesser included offense if there is any evidence from which the jury could infer the defendant committed the lesser rather than the greater offense."); *State v. Mathis*, 287 S.C. 589, 594, 340 S.E.2d 538, 541 (1986).

■ However, we find the circuit court's error was harmless beyond a reasonable doubt. *See State v. Belcher*, 385 S.C. 597, 611, 685 S.E.2d 802, 809 (2009) ("Errors, including erroneous jury instructions, are subject to harmless error analysis.").

■ When considering whether an error with respect to a jury instruction was harmless, we must "determine beyond a reasonable doubt that the error complained of did not contribute to the verdict." *State v. Kerr*, 330 S.C. 132, 144–45, 498 S.E.2d 212, 218 (Ct.App.1998) (citation omitted). "In making a harmless error analysis, our inquiry is not what the verdict would have been had the jury been given the correct charge, but whether the erroneous charge contributed to the verdict rendered." *Id.* Thus, whether or not the error was harmless is a fact-intensive inquiry. *State v. Jefferies*, 316 S.C. 13, 22, 446 S.E.2d 427, 432 (1994) ("We must review the facts the jury heard and weigh those facts against the erroneous jury charge to determine what effect, if any, it had on the verdict.") (citation omitted).[2]

---

2. We do not disagree with the dissent that the failure to charge the lesser-included offense can be reversible error. However, we disagree that such failure is not subject to a harmless error analysis. As a practical matter, none of the cases cited by the dissent stand for the proposition that a harmless error analysis is inappropriate where the judge erroneously fails to charge the lesser included offense. *See State v. Pittman*, 373 S.C. 527, 572, 647 S.E.2d 144, 167 (2007) (refusing to reverse the lower court for failing to charge the lesser-included offense after weighing the evidence and finding it did not support an involuntary manslaughter charge); *Beck v. Alabama*, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980) (overturning an Alabama law prohibiting a judge from ever instructing a jury on the lesser-included offense in capital cases, even where the evidence supported such a charge); *Hopper v. Evans*, 456 U.S. 605, 102 S.Ct. 2049, 72 L.Ed.2d 367 (1982) (finding, in the wake of *Beck*, that the respondent was not prejudiced by

In *Arnold v. State*, a death penalty case, the Court found that the trial judge unconstitutionally shifted the burden of proof to the co-defendants by charging the jury that malice could be inferred from the use of a deadly weapon in the commission of the murder. 309 S.C. 157, 163–65, 420 S.E.2d 834, 837–38 (1992). However, the Court held that this unconstitutional instruction was harmless in view of the evidence presented. *Id.* at 171–72, 420 S.E.2d at 842. In so holding, the Court looked to the evidence and found that there was no indication that the jury based their verdict on the erroneous part of the charge. *Id.* at 170–71, 420 S.E.2d at 841 ("Throughout the jury charge on malice, the trial judge continually reminded the jurors to base their verdict on all the evidence presented and to establish the fact beyond a reasonable doubt. Thus, we cannot assume that the jurors based their verdict on the presumption that malice existed with the use of a deadly weapon. A reasonable juror would have listened to all of the instructions and evaluated all of the evidence. Further, it is clear that the presumption of malice from the use of a deadly weapon beyond a reasonable doubt did not contribute to the verdict in this case. The direct evidence of the brutality of each of the participants is overwhelming. . . . The testimony established malice well beyond a presumption."); *cf. Jefferies*, 316 S.C. 13, 22, 446 S.E.2d 427, 432 (1994) ("Having determined the source of the jury's confusion, we must review the facts the jury actually heard and weigh those facts against the erroneous jury charge to determine what effect, if any, it had on the verdict.") (citation omitted).

---

the Alabama statute invalidated by *Beck*, even though the jury was not permitted to consider the lesser-included offense, because, under the facts, a charge on the lesser-included offense was not supported by the evidence). In our view, it is elemental that the failure to charge the lesser-included offense is subject to a harmless error analysis, and the cited authority does not compel a different conclusion. *See Neder v. United States*, 527 U.S. 1, 15–16, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999) (concluding that erroneous jury instruction that fails to charge an element of an offense was subject to a harmless error analysis and stating that the test for determining whether a constitutional error is harmless is "whether it appears 'beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained'") (citations omitted).

The same analysis applies here. In the instant case, the evidence adduced at trial demonstrates that, notwithstanding the failure to charge the lesser-included offense, the only conclusion established by the evidence is that Appellant was guilty of attempted murder, given the facts that Appellant deliberately drove up to the passenger window and shot into the vehicle at least five times, and Stephens testified that the only reason he and Mack were not injured is because he had the wherewithal to jump into the driver's seat and run Appellant off the road. In our view, there is no other way to construe the evidence in this case but that Appellant was attempting to kill Stephens and Mack. *See* S.C.Code Ann. § 16–3–29 ("A person who, with intent to kill, attempts to kill another person with malice aforethought, either expressed or implied, commits the offense of attempted murder."). Therefore, we hold any error in failing to charge the lesser-included offense harmless because the erroneous instruction did not contribute to the verdict beyond a reasonable doubt.

## CONCLUSION

The trial court erred when it refused to charge the jury on a lesser included offense of assault and battery in the first degree, but this error was harmless beyond a reasonable doubt. Therefore, Appellant's convictions and sentences are

**AFFIRMED.**

BEATTY, KITTREDGE and HEARN, JJ., concur.

PLEICONES, J., dissenting in a separate opinion.

Justice PLEICONES.

I respectfully dissent and would hold that the refusal to give a jury charge on a lesser-included offense that is supported by the evidence is always reversible error and not subject to harmless error analysis. Here, despite holding that the evidence entitled appellant to the charge on first degree assault and battery, the majority nonetheless holds "Appellant could only have been convicted of attempted murder under the facts . . . ." It is not our prerogative to weigh the evidence and usurp the jury's function. The failure to give a lesser included offense where it is both supported by the evidence and re-

quested by the defendant is *ipso facto* reversible error. *E.g. State v. Pittman,* 373 S.C. 527, 647 S.E.2d 144 (2007) (refusal to charge lesser offense supported by the evidence is an error of law requiring reversal); *see Hopper v. Evans,* 456 U.S. 605, 102 S.Ct. 2049, 72 L.Ed.2d 367 (1982); *Beck v. Alabama,* 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980).

The majority relies upon *Neder v. United States,* 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999), a decision which is irrelevant to the question before us today. In *Neder,* the defendant was charged with tax fraud, having underreported his income by five million dollars. An element of tax fraud is materiality, an issue the trial court erroneously considered and ruled on as a matter of law. On appeal, the issue was whether the failure to charge the jury on materiality was harmless error. The Supreme Court, in a 5–4 decision, held the failure to charge the jury on this element of the offense was harmless since materiality was not contested by the defendant, and since the evidence of it was overwhelming. It was these facts that allowed the majority of the Supreme Court to conclude the omitted jury charge "beyond a reasonable doubt ... did not contribute to the verdict...." In this case, however, there was evidence of the lesser offense, and it is only by weighing the evidence that the majority can conclude the failure to charge was harmless. Assuming we would follow *Neder* if the circumstances warranted it, this is not a case where an uncontested element of a crime was not charged to the jury, but rather one where the evidence would have supported a conviction for a lesser offense, a decision the jury was entitled to make.

I respectfully dissent and would reverse and remand for a new trial.