**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Mandy Lenore Smith, Appellant.

Appellate Case No. 2013-002209

———————

Appeal From Newberry County
R. Knox McMahon, Circuit Court Judge

———————

Unpublished Opinion No. 2016-UP-073
Heard February 9, 2016 – Filed February 24, 2016

———————

**REVERSED**

———————

Carmen Vaughn Ganjehsani, of Richardson Plowden & Robinson, PA, and Appellate Defender Laura Ruth Baer, both of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald Zelenka, and Assistant Attorney General Kaycie S. Timmons, all of Columbia; and Solicitor David Matthew Stumbo, of Greenwood, for Respondent.

———————

**PER CURIAM:** Appellant Mandy Lenore Smith appeals her convictions for murder and desecration of human remains. Smith argues the trial court erred by (1) charging the jury on the "hand of one is the hand of all" theory of accomplice liability, (2) admitting her confession into evidence, (3) refusing to charge the jury on voluntary manslaughter, and (4) excluding evidence regarding a witness's prior act of unjustifiably killing Smith's dogs.

We find the trial court committed reversible error by refusing to charge the jury on voluntary manslaughter. Respondent admits the trial court erred in this regard under current South Carolina law but argues the error was harmless. We find the error was not harmless. *See State v. Belcher*, 385 S.C. 597, 611, 685 S.E.2d 802, 809 (2009) ("Errors, including erroneous jury instructions, are subject to harmless error analysis."); *State v. Middleton*, 407 S.C. 312, 317, 755 S.E.2d 432, 435 (2014) ("When considering whether an error with respect to a jury instruction was harmless, we must determine beyond a reasonable doubt that the error complained of did not contribute to the verdict." (internal quotation marks omitted)). Accordingly, we reverse Smith's convictions and remand for a new trial.

Because we reverse and remand for a new trial due to the trial court's refusal to charge the jury on voluntary manslaughter, we decline to address Smith's remaining issues. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (noting an appellate court need not address an appellant's remaining issues when its determination of a prior issue is dispositive).

**REVERSED.**

**FEW, C.J., and SHORT and THOMAS, JJ., concur.**