**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Shane Adam Burdette, Appellant.

Appellate Case No. 2015-000513

Appeal From Oconee County
J. Cordell Maddox, Jr., Circuit Court Judge

Unpublished Opinion No. 2017-UP-237
Heard May 1, 2017 – Filed June 7, 2017

**AFFIRMED**

Appellate Defender Susan B. Hackett, of Columbia, for Appellant.

Attorney General Alan M. Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, and Assistant Attorney General Susannah R. Cole, all of Columbia, for Respondent.

**PER CURIAM:** Shane Adam Burdette appeals his convictions of voluntary manslaughter and possession of a weapon during the commission of a violent

crime, arguing the trial court erred in (1) admitting his custodial statements,[1] (2) refusing to qualify his witness as an expert in ballistics, (3) instructing the jury that malice may be inferred from the use of a deadly weapon, and (4) sentencing him to consecutive terms of imprisonment.  We affirm.

1.      We find no error by the trial court in admitting Burdette's custodial statements.  "On appeal, the conclusion of the trial judge as to the voluntariness of a statement will not be reversed unless so erroneous as to show an abuse of discretion."  *State v. Miller*, 375 S.C. 370, 378, 652 S.E.2d 444, 448 (Ct. App. 2007).

"[T]he prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination."  *Miranda v. Arizona*, 384 U.S. 436, 444 (1966).  "When seeking to introduce a confession, the State must prove that the statement was voluntary and taken in compliance with *Miranda*."  *State v. Goodwin*, 384 S.C. 588, 601, 683 S.E.2d 500, 507 (Ct. App. 2009).

"In South Carolina, the test for determining whether a defendant's confession was given freely, knowingly, and voluntarily focuses upon whether the defendant's will was overborne by the totality of the circumstances surrounding the confession."  *State v. Moses*, 390 S.C. 502, 513, 702 S.E.2d 395, 401 (Ct. App. 2010).

> Courts have recognized appropriate factors that may be considered in a totality of the circumstances analysis: background; experience; conduct of the accused; age; maturity; physical condition and mental health; length of custody or detention; police misrepresentations; isolation of a minor from his or her parent; the lack of any advice to the accused of his constitutional rights; threats of violence; direct or indirect promises, however slight; lack of education or low intelligence; repeated and prolonged nature of the questioning; exertion of improper influence; and the use of physical punishment, such as the deprivation of food or sleep.

*Id.* at 513-14, 702 S.E.2d at 401.

---

[1] We combine Burdette's first and second issues on appeal.

In *Missouri v. Seibert*, the Court addressed the admissibility of a post-*Miranda* statement obtained by questioning a suspect until incriminating information was elicited, administering *Miranda* warnings, and then—following the warnings—leading the suspect to cover the same incriminating information a second time. 542 U.S. 600, 604 (2004). The Court held a statement repeated after a warning in such circumstances was not admissible. *Id.*

Our supreme court in *State v. Navy* also emphasized the *Miranda* warnings requirement cannot be skirted by interrogative tactics that undermine the very purpose of *Miranda*. 386 S.C. 294, 302, 688 S.E.2d 838, 841 (2010). To determine whether a constitutional violation occurred in this setting, a court must analyze the following factors:

> 1) the completeness and detail of the question and answers in the first round of interrogation;
>
> 2) the timing and setting of the first questioning and the second;
>
> 3) the continuity of police personnel; and
>
> 4) the degree to which the interrogator's questions treated the second round as continuous with the first.

*Id.* at 302, 688 S.E.2d at 841-42.

We find no error by the trial court in admitting Burdette's three written statements. As to the written statements being tainted by Officer John Towery's comment to Burdette that the *Miranda* warnings did "not mean anything, it's just somethin' [under] the law we gotta do," we find the subsequent readings of the *Miranda* warnings and Burdette's waivers cured any taint. As to the length of interrogation and Burdette's alleged intoxication, we find these were factors to consider in determining if the statements were voluntarily made; however, we do not find either rendered the statements involuntary. We further find the request for Burdette to sign his statement after he invoked his right to counsel did not render that statement or subsequent statements involuntary. Thus, we affirm the admission of the written statements.

2.      We likewise find no error by the trial court in refusing to qualify Burdette's witness as an expert in ballistics.  "All expert testimony must satisfy the Rule 702 criteria . . . ."  *State v. White*, 382 S.C. 265, 270, 676 S.E.2d 684, 686 (2009).  The South Carolina Rules of Evidence state,

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of opinion or otherwise.

Rule 702, SCRE.

Burdette offered his witness as an expert in ballistics.  The witness testified to his education and experience in gunsmith repair, firearm safety training, concealed weapon permit training, and daily experience in collecting pellets at the gun club as part of his participation in a lead removal and recycling program.  He did not testify to any experience, training, or education specifically related to ballistics.  The trial court allowed the witness to testify as an expert gunsmith, but it refused to qualify the witness as an expert in ballistics.  We find no abuse of discretion.  *See State v. Price*, 368 S.C. 494, 498, 629 S.E.2d 363, 365 (2006) ("The decision to admit or exclude testimony from an expert witness rests within the trial court's sound discretion.").

3.      We next find Burdette suffered no prejudice from the trial court's erroneous instruction to the jury that malice may be inferred from the use of a deadly weapon despite evidence that would reduce, mitigate, excuse, or justify the killing.[2]

"A jury charge instructing that malice may be inferred from the use of a deadly weapon is no longer good law in South Carolina where evidence is presented that would reduce, mitigate, excuse, or justify the homicide."  *State v. Stanko*, 402 S.C. 252, 260, 741 S.E.2d 708, 712 (2013).  The erroneous instruction of inferred malice from the use of a deadly weapon charge is subject to a harmless error analysis.  *State v. Belcher*, 385 S.C. 597, 611, 685 S.E.2d 802, 809 (2009).  "When considering whether an error with respect to a jury instruction was harmless, we must 'determine beyond a reasonable doubt that the error complained of did not contribute to the verdict.'"  *State v. Middleton*, 407 S.C. 312, 317, 755 S.E.2d 432,

---

[2] The State conceded the jury charge was erroneous.

435 (2014) (quoting *State v. Kerr*, 330 S.C. 132, 144-45, 498 S.E.2d 212, 218 (Ct. App. 1998)).

Here, we find no prejudice because the erroneous charge could not have contributed to the jury's verdict of the lesser-included offense, voluntary manslaughter. "Voluntary manslaughter is the unlawful killing of a human being in sudden heat of passion upon sufficient legal provocation." *State v. Cole*, 338 S.C. 97, 101, 525 S.E.2d 511, 513 (2000). Malice is not an element of voluntary manslaughter; thus, we find any error in the malice instruction could not have contributed to the verdict. *See State v. Chambers*, 194 S.C. 197, 203, 9 S.E.2d 549, 552 (1940) (finding any error resulting from the trial judge's instructions on malice was harmless when the jury convicted the defendants of lesser-included offenses of which malice was not an element).

4.      Finally, we find Burdette's remaining issue—the trial court erred in sentencing him to consecutive terms of imprisonment based on a mistaken belief that it was required under the law—was not preserved for appellate review. *See State v. Johnston*, 333 S.C. 459, 462, 510 S.E.2d 423, 425 (1999) (stating "a challenge to sentencing must be raised at trial, or the issue will not be preserved for appellate review").

**AFFIRMED.**

**WILLIAMS and KONDUROS, JJ., and LEE, A.J., concur.**