**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

John Marion Ghent, Jr., Appellant.

Appellate Case No. 2016-000643

Appeal From Lancaster County
Brian M. Gibbons, Circuit Court Judge

Unpublished Opinion No. 2019-UP-272
Submitted June 3, 2019 – Filed July 24, 2019

**AFFIRMED**

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General Caroline M. Scrantom, all of Columbia; and Solicitor Randy E. Newman, Jr., of Lancaster, for Respondent.

**PER CURIAM:**  Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Stanko*, 402 S.C. 252, 264, 741 S.E.2d 708, 714 (2013) ("This [c]ourt will not reverse a trial court's decision regarding a jury instruction absent an abuse of discretion."); *State v. Price*, 368 S.C. 494, 498, 629 S.E.2d 363, 365 (2006) ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or a factual conclusion that is without evidentiary support."); *State v. Cartwright*, 425 S.C. 81, 93, 819 S.E.2d 756, 762 (2018) ("[T]he trial court shall not provide a limiting instruction or otherwise comment to the jury on [suicide-attempt] evidence.  The absence of a jury instruction shall in no manner foreclose the ability of the State and the defendant to make permissible jury arguments respecting the jury's consideration of the suicide-attempt evidence." (footnote omitted) (citation omitted)); *Stanko*, 402 S.C. at 264, 741 S.E.2d at 714 ("Errors, including erroneous jury instructions, are subject to a harmless error analysis."); *State v. Middleton*, 407 S.C. 312, 317, 755 S.E.2d 432, 435 (2014) ("When considering whether an error with respect to a jury instruction was harmless, we must 'determine beyond a reasonable doubt that the error complained of did not contribute to the verdict.'" (quoting *State v. Kerr*, 330 S.C. 132, 144-45, 498 S.E.2d 212, 218 (Ct. App. 1998))); *State v. Martucci*, 380 S.C. 232, 261, 669 S.E.2d 598, 614 (Ct. App. 2008) ("[A]n insubstantial error not affecting the result of the trial is harmless when guilt has been conclusively proven by competent evidence such that no other rational conclusion can be reached.").

**AFFIRMED.**[1]

**HUFF, THOMAS, and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.