**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Marion C. Wilkes, Appellant.

Appellate Case No. 2018-001556

———————

Appeal From Lexington County
Eugene C. Griffith, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2021-UP-275
Heard June 9, 2021 – Filed July 14, 2021

———————

**AFFIRMED**

———————

H. Wayne Floyd and Colin Thomas Lee Spangler, both of Wayne Floyd Law Office, of West Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Tommy Evans, Jr., both of Columbia; and Solicitor Samuel R. Hubbard, III, of Lexington, all for Respondent.

———————

**PER CURIAM:** In this criminal appeal, Marion C. Wilkes appeals his conviction for the murder of his wife, Susan Wilkes (Victim). Wilkes argues the trial court

erred in (1) excluding a DVD copy and portions of the film *Where the Lilies Bloom* (the Film) and (2) instructing the jury that malice may be inferred from the use of a deadly weapon. We affirm.

"In criminal cases, appellate courts sit to review errors of law only, and are therefore bound by the trial court's factual findings unless clearly erroneous." *State v. Robinson*, 410 S.C. 519, 526, 765 S.E.2d 564, 568 (2014). "An appellate court will not reverse a trial court's decision regarding a jury instruction unless there is an abuse of discretion." *State v. Brooks*, 428 S.C. 618, 625, 837 S.E.2d 236, 239 (Ct. App. 2019). Additionally, the exclusion or admission of evidence is within the trial court's discretion and will only be reversed if shown to be a "manifest abuse of discretion accompanied by probable prejudice." *State v. Westmoreland*, 421 S.C. 410, 418–19, 807 S.E.2d 701, 706 (Ct. App. 2017) (quoting *State v. Commander*, 396 S.C. 254, 262–63, 721 S.E.2d 413, 417 (2011)). "An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support." *State v. Pittman*, 373 S.C. 527, 570, 647 S.E.2d 144, 166–67 (2007).

1. We find the trial court did not err in excluding the Film. First, we find Wilkes's argument that the trial court erred in failing to review the Film before ruling on its admissibility is unpreserved. *See State v. King*, 424 S.C. 188, 198, 818 S.E.2d, 204, 209 (2018) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]. Issues not raised and ruled upon in the trial court will not be considered on appeal." (alteration in original) (quoting *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693–94 (2003) (per curiam))). The trial court considered and ruled on the Film's admissibility on two occasions, and at no point did Wilkes argue the court was required to view the Film before ruling on its admissibility. Accordingly, this issue is unpreserved, and we affirm.

Second, we find Wilkes's argument that the trial court erred in its Rule 403 analysis misconstrues the court's holding. *See generally* Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."). Based on our review of the record, the trial court excluded the Film under Rule 402 because it found it was not relevant. *See* Rule 402, SCRE (stating relevant evidence is admissible and irrelevant evidence is inadmissible). When the court first ruled on the matter, it noted that the Film was "not directly probative of the events." When Wilkes raised the issue again, the

court said, "I do[ not] think that movie needs to come in, so I'm sticking – I[ am] not going to allow the movie. *Nothing in the movie is relevant to what happened in 2014*." (emphasis added). Because the trial court excluded the Film under Rule 402 rather than Rule 403, Wilkes's arguments in his appellant's brief are nonresponsive to the court's ruling. Therefore, we find the issue is unpreserved because Wilkes does not address relevancy under Rule 402 until his reply brief. *See State v. Fripp*, 396 S.C. 434, 441, 721 S.E.2d 465, 468 (Ct. App. 2012) ("[T]he appellant's failure to challenge the trial court's ruling in the appellate brief renders the unchallenged ruling the law of the case."); *State v. Daise*, 421 S.C. 442, 451, 807 S.E.2d 710, 714 (Ct. App. 2017) ("[A]n argument made in a reply brief cannot present an issue to the appellate court if it was not addressed in the initial brief." (quoting *Glasscock, Inc. v. U.S. Fid. & Guar. Co.*, 348 S.C. 76, 81, 557 S.E.2d 689, 692 (Ct. App. 2001))). Accordingly, we affirm the trial court's ruling on this issue.

2. We find the trial court erred in charging the jury that malice may be inferred from the use of a deadly weapon. *See State v. Burdette*, 427 S.C. 490, 504–05, 832 S.E.2d 575, 583 (2019) (holding charging the jury that malice may be inferred from the use of a deadly weapon is error regardless of the evidence presented at trial). However, we find this error was harmless. *See State v. Smith*, 430 S.C. 226, 233, 845 S.E.2d 495, 498 (2020) (per curiam) ("[E]rroneous jury instructions are subject to a harmless error analysis."); *State v. Middleton*, 407 S.C. 312, 317, 755 S.E.2d 432, 435 (2014) ("When considering whether an error with respect to a jury instruction was harmless, we must 'determine beyond a reasonable doubt that the error complained of did not contribute to the verdict. In making a harmless error analysis, our inquiry is not what the verdict would have been had the jury been given the correct charge, but whether the erroneous charge contributed to the verdict rendered.'" (citation omitted) (quoting *State v. Kerr*, 330 S.C. 132, 144–45, 498 S.E.2d 212, 218 (Ct. App. 1998))); *Kerr*, 330 at 144, 498 S.E.2d at 218 (providing that jury instructions must be considered as a whole and if reasonably free from error, isolated portions that may be misleading are not reversible error). Other than the inferred malice charge, the trial court's instructions were a correct statement of the law. We find beyond a reasonable doubt that the erroneous instruction did not contribute to the verdict because the State presented overwhelming evidence of malice. The State presented evidence that Wilkes confessed to killing Victim and attacking her in a manner consistent with the injuries and cause of death identified by the medical examiner. The State also presented evidence that Wilkes, with his son's help, secretly buried Victim and

sought to conceal her death before ultimately filing a false missing person's report.[1] Multiple witnesses testified that following Victim's death and alleged disappearance, Wilkes's demeanor was calm and unemotional.  The State also showed the jury that, during the investigation of Victim's disappearance, Wilkes asked his son if he "change[d] up on" Wilkes and told him "[t]hey need physical evidence" and "I a[m not] changing up."  Finally, the State introduced letters from Wilkes to his son discussing the need to "get their story straight" and that they would receive Victim's money if they were acquitted.  In light of the evidence presented at trial, we hold the erroneous instruction did not contribute to the jury's verdict.  *See Middleton*, 407 S.C. at 317, 755 S.E.2d at 435 (stating the relevant inquiry is whether the erroneous instruction contributed to the verdict).  Accordingly, we affirm the trial court on this issue.

Based on the foregoing, Wilkes's conviction is

**AFFIRMED.**

**WILLIAMS, THOMAS, and HILL, JJ., concur.**

---

[1] Wilkes asserted Victim committed suicide by a self-inflicted stab wound and he kept her alleged suicide and burial a secret pursuant to her wishes.