**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Malette Denise Kimbrough, Appellant.

Appellate Case No. 2019-001013

Appeal From Greenville County
Letitia H. Verdin, Circuit Court Judge

Unpublished Opinion No. 2022-UP-293
Heard June 7, 2022 – Filed July 13, 2022

**AFFIRMED**

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, Senior Assistant Attorney General W. Edgar Salter, III, and Assistant Attorney General Caroline Scrantom, all of Columbia, for Respondent.

**PER CURIAM:** Malette Denise Kimbrough appeals her convictions for murder and possession of a weapon during the commission of a violent crime, arguing the trial court erred in: (1) instructing the jury that malice may be inferred from the use of a deadly weapon; (2) allowing an investigator to testify about what the decedent's daughter told him because it was prejudicial hearsay testimony; and (3) allowing an investigator to testify that a person "was absolutely cleared" as a suspect as a result of information he received because the investigator's opinion was based on inadmissible hearsay. We affirm pursuant to Rule 220(b), SCACR.

1.     We find the trial court erred in instructing the jury that malice may be inferred from the use of a deadly weapon; however, the erroneous instruction did not contribute to the verdict and does not require reversal. *See State v. Burdette*, 427 S.C. 490, 496, 832 S.E.2d 575, 578 (2019) ("An erroneous instruction alone is insufficient to warrant . . . reversal."); *State v. Smith*, 430 S.C. 226, 233, 845 S.E.2d 495, 498 (2020) ("[E]rroneous jury instructions are subject to a harmless error analysis."); *State v. Middleton*, 407 S.C. 312, 317, 755 S.E.2d 432, 435 (2014) (holding an erroneous jury instruction is harmless if the court "determine[s] beyond a reasonable doubt that the error complained of did not contribute to the verdict" (quoting *State v. Kerr*, 330 S.C. 132, 144-45, 498 S.E.2d 212, 218 (Ct. App. 1998))); *Kerr*, 330 S.C. at 144, 498 S.E.2d at 218 ("Jury instructions must be considered as a whole, and if, as a whole, they are reasonably free from error, isolated portions which might be misleading do not constitute reversible error."); *id.* ("When reviewing a trial judge's instruction for error, this court must consider the instructions in their entirety."); *State v. Stanko*, 402 S.C. 252, 260, 741 S.E.2d 708, 712 (2013) (holding "[a] jury charge instructing that malice may be inferred from the use of a deadly weapon is no longer good law in South Carolina where evidence is presented that would reduce, mitigate, excuse, or justify the homicide"), *overruled on other grounds by Burdette*, 427 S.C. 490, 496, 832 S.E.2d 575, 578 (2019); *Burdette*, 427 S.C. at 502-05, 832 S.E.2d at 582-83 (holding that regardless of the evidence presented at trial, it is no longer appropriate to instruct the jury that malice may be inferred through the use of a deadly weapon, and making the court's ruling effective for all cases currently pending on direct review or that were not yet final, so long as the issue was preserved); *State v. Franks*, 432 S.C. 58, 81, 849 S.E.2d 580, 593 (Ct. App. 2020) (finding that despite the lack of evidence of a motive and that the evidence against Franks was circumstantial, the evidence of malice was overwhelming such that the erroneous inference of malice instruction was harmless beyond a reasonable doubt).

2.      We find the trial court did not err in allowing Greenville County Sheriff's Office Investigator Antonio Bailey to testify about what decedent's daughter told him because it was offered to explain what he did next in his investigation, which was to determine who Kimbrough was and where she was; thus, it was not hearsay testimony.  *See* Rule 801(c), SCRE ("'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."); *State v. King*, 422 S.C. 47, 67, 810 S.E.2d 18, 28 (2017) ("An out-of-court statement made to a police officer is judged by the same rules of evidence that govern any out-of-court statement by any out-of-court declarant. . . .  [I]f the out-of-court statement made to a police officer has relevance and probative value that is not dependent upon its truthfulness, and it is not offered into evidence as proof of the matter asserted, then by definition the evidence is not hearsay." (quoting *Ruiz v. Commonwealth*, 471 S.W.3d 675, 681 (Ky. 2015))); *State v. Brown*, 317 S.C. 55, 63, 451 S.E.2d 888, 894 (1994) ("[A]n out of court statement is not hearsay if it is offered for the limited purpose of explaining why a government investigation was undertaken."); *State v. Rice*, 375 S.C. 302, 325, 652 S.E.2d 409, 421 (Ct. App. 2007) ("The hearsay rule does not require exclusion of testimony about what an investigating officer learns from his investigation."), *overruled on other grounds by State v. Byers*, 392 S.C. 438, 445, 710 S.E.2d 55, 58 (2011); *State v. Thompson*, 352 S.C. 552, 559, 575 S.E.2d 77, 81 (Ct. App. 2003) ("[T]he officers' testimony regarding statements made by the bystander were not entered for their truth but rather to explain and outline the officers' investigation and their reasons for going to the Thompsons' home.").

3.      We find the trial court did not err in allowing Investigator Bailey to testify on redirect examination that Portia Rogers "was absolutely cleared" as a suspect as a result of information he received during his investigation because it was his testimony that he personally eliminated Rogers as a suspect in this case, which does not constitute an out-of-court statement made by someone other than the person testifying at trial and was not hearsay testimony.  *See* Rule 801(c), SCRE ("'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."); *State v. Weaver*, 361 S.C. 73, 86, 602 S.E.2d 786, 792 (Ct. App. 2004) (finding an officer's testimony was not hearsay because he testified only to the conclusions he made based on what his investigation had thus far revealed); *Rice*, 375 S.C. at 325, 652 S.E.2d at 421 ("The hearsay rule does not require exclusion of testimony about what an investigating officer learns from his investigation."), *overruled on other grounds by Byers*, 392 S.C. at 445, 710 S.E.2d at 58; *see also State v. Page*, 378 S.C. 476, 482, 663 S.E.2d 357, 360 (Ct. App. 2008) (finding Page opened the door to testimony due to his questions on the detective's investigative techniques and the

sufficiency of evidence linked to Page because otherwise inadmissible evidence may be properly admitted when opposing counsel opens the door to that evidence); *id.* at 483, 663 S.E.2d at 360 ("Whether a person opens the door to the admission of otherwise inadmissible evidence during the course of a trial is addressed to the sound discretion of the trial judge.").

**AFFIRMED.**

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**