**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Supreme Court

Clinton Folkes, Petitioner,

v.

State of South Carolina and Charles Williams, Jr.,
Warden of Perry Correctional Institution, Respondents.

Appellate Case No. 2023-000839

---

**IN THE COURT'S ORIGINAL JURISDICTION**

---

Memorandum Opinion No. 2024-MO-021
Heard September 11, 2024 – Filed October 2, 2024

---

**RELIEF DENIED**

---

Jason Scott Luck, of Luck VI Ltd. Co., of Bennettsville, for Petitioner.

Attorney General Alan McCrory Wilson and Assistant Attorney General Joshua Abraham Edwards, both of Columbia, for Respondents.

---

**PER CURIAM:** In 2007, petitioner Folkes sliced the victim's neck with a knife in Columbia's Finlay Park. He was indicted for common law assault and battery with intent to kill (ABWIK). The jury convicted Folkes of ABWIK, and the trial court sentenced him to life under the three-strikes law. Folkes appealed the conviction to

the court of appeals, arguing the trial court's instruction on the lesser-included offense of common law assault and battery of a high and aggravated nature (ABHAN) was erroneous. The court of appeals affirmed, but because of mistakes made by the South Carolina Commission on Indigent Defense (SCCID), a petition for rehearing with the court of appeals and a petition for a writ of certiorari with this Court were never filed. Over the next thirteen years, Folkes attempted through various avenues to obtain this Court's discretionary review of his case. We granted Folkes' petition for a common law writ of certiorari. Folkes requests this Court to either vacate his conviction or grant him a new trial. We deny both forms of relief.

## I.

In 2007, an intoxicated and belligerent Folkes accosted James Reddick in Finlay Park and threatened him with a knife because Reddick was from Philadelphia but was wearing a New York hat. Folkes next approached the victim, Karem Jones, who was sitting on the ground conversing with Folkes' former girlfriend, and started "talking trash," stating he would "f--- [Jones] up." Folkes punched Jones in the eye, and Jones punched Folkes in self-defense. Folkes pulled out a knife and sliced Jones in the arm and neck. The surgeon who treated Jones testified the neck wound was only millimeters away from Jones's jugular vein and could have been fatal if it had been mere millimeters deeper.

As Jones attempted to flee, Folkes again advanced on him with the knife and said "I'm going to f---ing kill you." Other witnesses also testified they heard Folkes say after the attack that he "should have killed" Jones.

During Folkes' 2008 trial, the trial court instructed the jury on the elements of common law ABWIK and on the elements of the lesser-included offense of common law ABHAN.[1] However, the trial court refused to give the following instruction requested by Folkes:

> Absence of Malice is not a required element of ABHAN and the fact
> that a defendant acts with malice does not preclude a finding of

---

[1] ABWIK and ABHAN no longer exist in the same form as they did at the time of Folkes' trial in 2008. In 2010, the General Assembly replaced ABWIK with the statutory offense of attempted murder. *See* S.C. Code Ann. § 16-3-29 (2015). The General Assembly also codified ABHAN in 2010. *See* S.C. Code Ann. § 16-3-600(B) (2015).

ABHAN. A defendant may be convicted of ABHAN regardless of whether malice is present.

Instead, the trial court instructed the jury that ABHAN includes all of the elements of ABWIK except malice. Folkes timely objected to the jury instruction and pursued the issue on direct appeal. The court of appeals affirmed in an unpublished opinion. *State v. Folkes*, Op. No. 2010-UP-420 (S.C. Ct. App. filed September 24, 2010).

Folkes' appellate counsel was employed by SCCID. Appellate counsel left the employ of SCCID on or about September 14, 2010. On September 28, 2010, a paralegal employed by SCCID sent a form letter to Folkes mistakenly advising him that his "petition for a writ of certiorari" had been denied by the court of appeals and that his state court remedies had been exhausted.[2] Consequently, SCCID did not advise Folkes of three potential next steps—filing a petition for rehearing with the court of appeals, filing a petition for a writ of certiorari with this Court, and pursuing post-conviction relief. The letter stated Folkes had one year to file "an application for a writ of habeas corpus in federal court," and the letter further mistakenly advised Folkes that appellate counsel had been relieved from further representation of him.

Folkes filed a PCR action in October 2010 alleging, in part, that appellate counsel was ineffective in failing to file a petition for rehearing with the court of appeals, thus depriving him of the ability to file a petition for a writ of certiorari with this Court. The PCR court denied the application and dismissed the action with prejudice. Citing pertinent authority, the PCR court ruled a person "has no constitutional right to the effective assistance of counsel when seeking discretionary appellate review" and appellate counsel had no duty to pursue rehearing or a writ of certiorari upon the conclusion of the direct appeal. *See Wainwright v. Torna*, 455 U.S. 586 (1982); *Ross v. Moffitt*, 417 U.S. 600 (1974); *Douglas v. State*, 369 S.C. 213, 631 S.E.2d 542 (2006); *State v. Clinkscales*, 318 S.C. 513, 458 S.E.2d 548 (1995).

In 2019, Folkes filed a habeas corpus petition in federal court raising the same issues he raised in his PCR action. The district court granted Folkes relief and ordered Folkes must receive discretionary review by this Court or be released from prison. *Folkes v. Nelsen*, No. 2:19-0760-RMG, 2021 WL 62577 (D.S.C. Jan. 7, 2021). The Fourth Circuit reversed and remanded with instructions to deny Folkes'

---

[2] The paralegal signed appellate counsel's name but circled her own initials to indicate she (the paralegal) signed appellate counsel's name. At the time of the letter, appellate counsel had not been employed by SCCID for two weeks.

petition, holding Folkes did not have a constitutional right to effective assistance of counsel following his first appeal of right. *Folkes v. Nelsen*, 34 F.4th 258 (4th Cir. 2022).

Folkes filed a petition for a common law writ of certiorari with this Court, arguing (1) his conviction should be vacated because he was abandoned by appellate counsel at a critical stage, and (2) the trial court's ABHAN instruction was erroneous. We granted Folkes' petition. By granting the common law writ of certiorari, this Court granted the discretionary review Folkes claims he was denied as a result of the incorrect information and advice provided by SCCID. Therefore, we deny Folkes' request to vacate his conviction and instead review the merits of the jury instruction issue.

## II.

Erroneous or incomplete jury instructions are subject to a harmless error analysis. *See State v. Middleton*, 407 S.C. 312, 317 n.2, 755 S.E.2d 432, 435 n.2 (2014). "When considering whether an error with respect to a jury instruction was harmless, we must 'determine beyond a reasonable doubt that the error complained of did not contribute to the verdict.'" *Id.* at 317, 755 S.E.2d at 435 (quoting *State v. Kerr*, 330 S.C. 132, 144-45, 498 S.E.2d 212, 218 (Ct. App. 1998)). "[O]ur inquiry is not what the verdict would have been had the jury been given the correct charge, but whether the erroneous charge contributed to the verdict rendered." *Id.* (quoting *Kerr*, 330 S.C. at 145, 498 S.E.2d at 218). This is a fact-intensive inquiry. *Id.* (citing *State v. Jefferies*, 316 S.C. 13, 22, 446 S.E.2d 427, 432 (1994)).

Even assuming the trial court should have given Folkes' requested instruction, the evidence overwhelmingly established Folkes committed common law ABWIK to the exclusion of common law ABHAN. Folkes provoked the confrontation with Jones, punched Jones in the eye, and when Jones defended himself, Folkes pulled a knife and slashed Jones's neck, narrowly missing his jugular vein. Folkes continued to pursue Jones when Jones tried to flee. All the while, Folkes told Jones he was going to kill him. There is no reasonable probability the jury would have convicted Folkes of common law ABHAN instead of common law ABWIK. Therefore, any error in the ABHAN instruction did not contribute to the verdict rendered and was harmless.

**RELIEF DENIED.**

**KITTREDGE, C.J., JAMES, HILL, VERDIN, JJ., and Acting Justice Jennifer Blanchard McCoy, concur.**