**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Trevor Anthony Irvin, Appellant.

Appellate Case No. 2023-001075

———————

Appeal From Lexington County
Debra R. McCaslin, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-428
Submitted November 4, 2025 – Filed December 23, 2025

———————

**AFFIRMED**

———————

Senior Appellate Defender Lara Mary Caudy, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy
Attorney General Donald J. Zelenka, Senior Assistant
Deputy Attorney General Melody Jane Brown, and
Assistant Attorney General Richard Brandon Larrabee,
all of Columbia; and Solicitor Samuel R. Hubbard, III, of
Lexington, all for Respondent.

———————

**PER CURIAM:** Trevor Anthony Irvin (Appellant) was convicted by a jury of murder and sentenced to forty-five years' imprisonment. Appellant appeals, arguing the trial court erred by (1) excluding his testimony that he was aware Victim was in a gang; (2) failing to tailor the self-defense instruction as he requested; and (3) excluding testimony from his expert in firearms. We affirm.

1.      Appellant argues the trial court abused its discretion by excluding his testimony that he was aware of Victim's gang affiliation. He argues the evidence was relevant to Appellant's state of mind during the confrontation with Victim, particularly as to whether Appellant had a reasonable apprehension of violence from Victim, an element of his self-defense case. Further, Appellant argues the trial court's citations to *State v. Robinson*,[1] *Johnson v. State*,[2] and *State v. Perry*[3] were misplaced because those cases were evaluated under Rule 404 of the South Carolina Rules of Evidence. We hold the trial court did not abuse its discretion, and the evidence was properly excluded. The trial court properly excluded Appellant's testimony regarding Victim's alleged gang affiliation because Appellant's vague, inconclusive statements were not relevant or logically related to the circumstances of the shooting. Victim's potential involvement in a gang was irrelevant to the circumstances surrounding the shooting. Appellant admitted he did not see Victim with a weapon, despite waving his own firearm at Victim prior to the shooting. Appellant also admitted he was not aware of any other gang members present in the parking lot at the time of the shooting. Additionally, after Appellant shot at Victim over fifteen times, no one in the parking lot retaliated or attacked Appellant in response. Appellant did not mention his fear of Victim because of gang affiliation to law enforcement in his initial statement. Further, witness testimony established Appellant was the primary aggressor and made threats that day to Victim that he would "f--- him up" in the parking lot. Finally, witnesses testified that on the day of the shooting, Appellant and Victim were engaged in a verbal altercation that focused on Victim's romantic relationship, not gang affiliation. We find the gang evidence did not make any fact of consequence more or less probable. Rather, Appellant admitted he shot because he was afraid Victim would be able to reach Appellant's gun and shoot. *See State v. Sobers,* 404 S.C. 263, 268, 744 S.E.2d 588, 590–91 (Ct. App. 2013) (finding the trial court did not abuse its discretion in excluding evidence of gang activity because Sobers failed to establish the relevance of gang activity to his self-defense claim and the trial court's decision was supported by the record.) We hold the trial court did not

---

[1] 438 S.C. 421, 882 S.E.2d 883 (Ct. App. 2023).
[2] 433 S.C. 550, 860 S.E.2d 696 (Ct. App. 2021).
[3] 430 S.C. 24, 842 S.E.2d 654 (2020).

abuse its discretion in excluding Appellant's testimony related to Victim's alleged gang affiliation because it was irrelevant and not logically related to the circumstances surrounding the shooting. *See State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion.").

2.      Appellant argues the trial court erred by failing to tailor the self-defense instruction to adequately reflect the facts and theories presented by Appellant, specifically that Appellant did not have to wait before acting in self-defense. We disagree. "When considering whether an error with respect to a jury instruction was harmless, we must 'determine beyond a reasonable doubt that the error complained of did not contribute to the verdict.'" *State v. Middleton*, 407 S.C. 312, 317, 755 S.E.2d 432, 435 (2014) (quoting *State v. Kerr*, 330 S.C. 132, 144–45, 498 S.E.2d 212, 218 (Ct. App. 1998)). "In reviewing jury charges for error, we must consider the court's jury charge as a whole in light of the evidence and issues presented at trial." *State v. Perry*, 440 S.C. 396, 403, 892 S.E.2d 273, 276–77 (2023) (quoting *State v. Adkins*, 353 S.C. 312, 318, 577 S.E.2d 460, 463 (Ct. App. 2003)).

In *State v. Rash*, the trial court instructed the jury that one may act on appearances, even if they are mistaken. 182 S.C. 42, 50, 188 S.E. 435, 438 (1936). Our supreme court agreed a person does not have to wait for until his attacker "gets the drop on him," rather, "he has a right to act under the law of self-preservation and prevent his assailant getting the drop on him." *Id.* Here, Appellant knew Victim was unarmed. He was not in a position for Victim to "get the drop on him;" therefore, a jury charge relating to waiting before acting was not applicable. Further, the jury was able to consider the witness testimony related to the incident as well as see the video of the shooting. The jury was in the best position to view the evidence and decide if Appellant acted in self-defense, which was properly charged. In addition, the jury was given a charge on self-defense that adequately covered the law of self-defense and properly left the question to the jury. Appellant argues a standard self-defense instruction was insufficient, and the trial court should have given additional charges. However, the trial court gave additional charges and addressed Appellant's right to act on appearances. We conclude the overall jury charge was proper, and Appellant's requested charge was inapplicable. *See Clark v. Cantrell*, 339 S.C. 369, 389, 529 S.E.2d 528, 539 (2000) ("An appellate court will not reverse the trial court's decision regarding jury instructions unless the trial court abused its discretion."). We affirm as to this issue.

3.     Appellant argues the trial court abused its discretion by excluding testimony from Appellant's expert in firearms and use of force pursuant to Rule 702 of the South Carolina Rules of Evidence, because it would have assisted the jury in understanding how stress during a deadly force situation affects an individual's decision-making process.  We disagree.  "To admit expert testimony under Rule 702, the proponent . . . must demonstrate, and the trial court must find, the existence of three elements: 'the evidence will assist the trier of fact, the expert witness is qualified, and the underlying science is reliable.'"  *State v. Wallace*, 440 S.C. 537, 544, 892 S.E.2d 310, 313 (2023) (quoting *State v. Council*, 335 S.C. 1, 20, 515 S.E.2d 508, 518 (1999)).  Here, we conclude the trial court did not abuse its discretion when it excluded Scott Ballard's testimony regarding stress in a deadly force situation.  While we agree with the trial court that Ballard was qualified as an expert, we also agree that his testimony would only serve to confuse the jury.  Ballard's background in the Navy and his experience with force-on-force training is not applicable in this situation because, as the trial court noted, "This isn't . . . somebody who's a police officer or a soldier . . . or somebody being placed in a wartime country . . . . One has training and one doesn't."  This testimony would likely confuse the jury because it was not specific or applicable to Appellant.  Ballard was not detailing a particular psychological condition Appellant had that would assist the jury in determining Appellant's mindset at the time of the shooting.  His testimony would leave the jury to speculate as to whether this psychological phenomenon applied to Appellant in this situation.  Further, Ballard's testimony was not clarifying or informing the jury on something outside the realm of their own knowledge.  Rather, Ballard was simply stating that, in a stressful situation, one's decision-making may be affected.  *See Watson v. Ford Motor Co.*, 389 S.C. 434, 445, 699 S.E.2d 169, 175 (2010) (holding "[e]xpert testimony may be used to help the jury to determine a fact in issue based on the expert's specialized knowledge, experience, or skill and is necessary in cases in which the subject matter falls outside the realm of ordinary lay knowledge").  It is obvious that a verbal and physical altercation leading to a shooting death would create a high stress situation.  The jury was able to deduce this fact through their own lay knowledge, witness testimony, and video surveillance of the entire incident.  We affirm as to this issue.  *See Wallace*, 440 S.C. at 541–42, 892 S.E.2d at 312 ("We will not reverse a trial court's ruling on [expert testimony] unless . . . we find the trial court has not acted within the discretion we grant to trial courts.").

Based on the foregoing, Appellant's conviction and sentence are

**AFFIRMED.**[4]

**WILLIAMS, C.J., and THOMAS and CURTIS, JJ., concur.**

---

[4] We decide this case without oral argument pursuant to Rule 215, SCACR.